GEORGE HURLBUT *vs.* GEORGE W. THOMAS.

Hartford Dist., March T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

It is no defense to an action on a judgment that the defendant had no actual notice of the bringing of the suit in which the original judgment was rendered.

Where a judgment has been rendered in accordance with the requirements of law it must stand as a valid judgment until set aside by some direct proceeding for the purpose.

These proceedings are a petition for a new trial, a writ of error *coram nobis,* both of which must be brought within three years, or a suit in equity for relief against the judgment, which may be brought without limitation as to time except that the party seeking relief must not have slept upon his rights.

In a suit on a judgment in which the writ had been legally served but the defendant had failed to receive actual notice, the defendant in his answer asked for an injunction against the enforcement of the judgment. The court below having found that no injustice was done to the defendant by the judgment, it was held that relief against it ought not to be granted.

[Argued March 11th—decided March 25th, 1887.]

ACTION upon a judgment, brought before a justice of the peace and, by appeal of the defendant, to the Court of Common Pleas of Litchfield County. Facts found and case reserved for the advice of this court. The case is sufficiently stated in the opinion.

*H. B. Graves*, for the plaintiff.

*W. Cothren*, for the defendant.

BEARDSLEY, J. In the year 1873 a justice court in the town of Roxbury rendered judgment against the defendant in a suit brought by the plaintiff, and the present suit was brought to enforce the payment of that judgment. The defendant claims that the judgment is invalid, for the reason that personal service of the writ was not made upon him, and that he had no notice of the pendency of the suit until after the rendition of the judgment.

The record of the justice court shows affirmatively that both the plaintiff and defendant were inhabitants of this state when the writ was served, and that service was made by leaving a true and attested copy of it at the usual place of abode of the defendant; that the defendant was then absent from the state; that on the return day of the writ the defendant did not appear and the justice adjourned the case for three months, at the expiration of which time he rendered judgment against the defendant by default.

The writ was served in the manner prescribed by the statute, the adjournment of the case for three months, though unnecessary, was within the discretion of the justice, and the judgment while in force is conclusive upon the parties. Gen. Statutes, 101, sec. 3; *Grant* v. *Delliber*, 11 Conn., 234; *Coit* v. *Havens*, 30 id., 190.

The defendant also asks, by way of equitable relief, that the plaintiff shall be restrained from enforcing the judgment. But the court below finds that no injustice was done the defendant by the judgment.

For the particular grievance of which the defendant complains, namely, that judgment was rendered against him without his having received actual notice of the pendency of the suit, the law furnished him ample remedy if he had chosen to avail himself of it. By statute (Gen. Statutes, p. 447, sec. 1,) he could have brought a petition for a new trial, or at common law a writ of error *coram nobis*, or after

the three years within which these proceedings must be brought, he could have brought a suit in equity for relief against the judgment. *Jeffery* v. *Fitch*, 46 Conn., 601. He not only did not avail himself of either of the legal remedies within the time limited, but apparently has slept too long on his rights to be now heard in a court of equity. However that may be, he clearly cannot find a remedy by setting up in an action upon the judgment the mere fact that he failed to receive actual notice. The judgment having been rendered in full accordance with the requirements of law, must stand as a valid judgment until set aside by some direct proceeding for the purpose.

The Court of Common Pleas is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.