## Violet M. Moore v. Philip J. Moore

Superior Court          New Haven County          File No. 68605

Memorandum filed March 5, 1947.

*Edward L. Reynolds*, of New Haven, for the Plaintiff.

*Pond, Morgan & Morse*, of New Haven, for the Defendant.

MELLITZ, J.  On August 28, 1946, upon the verified complaint of the plaintiff describing the defendant as a resident of North Haven in this state but presently sojourning in the state of Nevada, a temporary injunction and restraining order were issued herein by the Hon. Charles J. McLaughlin, a judge of the Superior Court, restraining the defendant from prosecuting

or causing to prosecute an action for divorce in the state of Nevada. An order was issued at the same time requiring the defendant to appear on the first Tuesday of October, 1946, and show cause why the restraining order and temporary injunction should not be continued further in effect. Service on the defend-ant was ordered by leaving a true and attested copy of the temporary injunction, restraining order and rule to show cause at the defendant's usual place of abode in North Haven and further by registered mail to the defendant in Nevada. The return of service shows that service was made as directed and that the defendant received a true and attested copy of the process on September 3, 1946. On September 20, 1946, the defendant filed a special appearance by counsel, and thereafter on October 1, 1946, a plea in abatement and to the jurisdiction, alleging that the defendant no longer resided in Connecticut and that in the absence of personal service upon him within the state the court has no jurisdiction in the premises.

The question presented is not whether, upon the facts, the plaintiff is entitled to injunctive relief, but simply whether, granting the relief to be proper, the service shown is sufficient to give the court jurisdiction to enter a personal decree against the defendant.

The evidence establishes that for many years the defendant's domicil and place of abode were in New Haven and that in February, 1946, he established his abode in North Haven. On August 5, 1946, he left Connecticut, after informing the plain-tiff that he was going away for a few days for a vacation. Some-time during the next three weeks the plaintiff was visited by an attorney representing the defendant who sought to have her execute a power of attorney in connection with divorce pro-ceedings which the defendant was seeking to initiate in the state of Nevada. The defendant has continued to maintain his abode in North Haven, together with all of his furniture and belongings, in the same manner as prior to his departure; and the court is satisfied, from the evidence presented, that the de-fendant's domicil remains in North Haven, and that service was made at his usual place of abode there.

General Statutes, § 5468, provides that process may be served by leaving a true and attested copy thereof at the usual place of abode of the defendant. Service upon a defendant domiciled within the state, if made in accordance with the mode prescrib-ed by the statute, is a sufficient basis for a personal judgment

against a defendant temporarily absent from the state at the time of such service. *Sage* v. *Hawley*, 16 Conn. 106, 116; *Dorus* v. *Lyon*, 92 Conn. 55, 57. The principal purpose of the statute in prescribing the modes of serving process is to insure actual notice to the defendant. *Clegg* v. *Bishop*, 105 Conn. 564, 569. When the prescribed modes have been complied with, the law will presume that actual notice has been given and received; *Grant* v. *Dalhber*, 11 Conn. 234, 237; and it is no defense to a judgment that the defendant was absent from the state when service was made and had no actual notice of the suit. *Hurlbut* v. *Thomas*, 55 Conn. 181. Here, although it was, perhaps, unnecessary, the service directed to be made upon the defendant included service by registered mail addressed to him in Nevada, and there is no question that he has received actual notice of the process and was afforded ample time to appear and defend.

A personal judgment rendered in the state of his domicil against a defendant, absent at the time of service, is valid and entitled to full faith and credit under the federal constitution, if service is made in a manner prescribed by a statute of the state. *Milliken* v. *Meyer*, 311 U. S. 457; Restatement, Conflict of Laws, § 79; note, 126 A. L. R. 1474.

The service made upon the defendant complied with the terms of the statute and was therefore sufficient to constitute a basis for a personal decree against the defendant.

The defendant argues that on the facts alleged the plaintiff is not entitled to injunctive relief because no action has yet been instituted by the defendant, and he cites and relies for authority largely on the decisions in *DeRaay* v. *DeRaay*, 255 A. D. (N. Y.) 544, and *Goldstein* v. *Goldstein*, 283 N. Y. 146. As already noted the question of the propriety of the issuance of the injunction and restraining order are not before the court on the present plea. It may be noted, however, that the decisions relied upon by the defendant are no longer considered to be authority by the courts of New York. *Palmer* v. *Palmer*, 50 N. Y. S. 2d 329; aff'd 268 A. D. (N. Y.) 1010; see also *Oltarsh* 181 Misc. (N. Y. 255), where an injunction was issued to restrain a threatened action, and *Kahn* v. *Kahn*, 325 Ill. App. 317, where injunctive relief was granted in a similar situation.

The plea is overruled.