JULIA KOVATS *v.* RUDOLPH KOVATS ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, JS.

Argued October 2—decided November 5, 1957

*William J. Lavery,* for the appellant (named defendant).

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellee (plaintiff).

WYNNE, C. J. In this action the plaintiff seeks a judgment declaring that a decree of divorce granted to her husband in Arkansas on April 27, 1943, was colorable and did not dissolve their marriage. The husband and two corporations are named as defendants. The claim against one of the corporations is that property in Ridgefield in its name is in reality property of the husband and that the record title had no legal significance. The court rendered judgment for the plaintiff and that the Arkansas divorce was colorable and the plaintiff was entitled to the arrears in payments for support under a New York decree of separation. The fundamental question presented for determination is whether the husband had acquired a bona fide domicil in the state of Arkansas at the time the divorce decree was entered there, so that it was a valid decree and entitled to full faith and credit under article IV, § 1, of the constitution of the United States. The husband is the only defendant involved in this appeal and will hereinafter be called the defendant.

Following is a summary of the facts found: The plaintiff and the defendant intermarried in New York City on February 10, 1906. They separated in 1922 and did not live together again. On February 4, 1937, the plaintiff secured a separation decree

and support order from the Supreme Court of the state of New York. The decree was modified in part on December 16, 1940. The defendant complied with the order until May 23, 1953. In December, 1942, and for several years previously, the defendant was acquainted with Bessie Therwood. On the date mentioned, he discussed marriage with her and the possibility of obtaining a divorce from the plaintiff in some jurisdiction. Almost immediately he went to Arkansas for the sole purpose of obtaining a divorce. At the time, Bessie Therwood was living on the property in Ridgefield and title to it was in the Lake Ridge Holding Corporation. The defendant had transferred his stockholdings in this corporation to Bessie Therwood. On or about March 20, 1943, the defendant instituted a divorce suit in Arkansas against the plaintiff, and on March 23, 1943, the plaintiff was personally served with process at her residence in New York. The defendant was granted a divorce on April 27, 1943, in Arkansas, no appearance having been entered for the plaintiff. Under the decree, the defendant was ordered to pay to the plaintiff the same amounts as she had been receiving under the New York order. On the day of the divorce, the defendant and Bessie Therwood entered into a marriage ceremony. Within three weeks they came to Ridgefield, where they have since lived. The plaintiff did not know of the marriage ceremony until after November, 1952.

The court reached eleven conclusions. The first five were to the effect that the defendant had no intention of acquiring a bona fide domicil when he went to Arkansas and did not acquire one, and that therefore the Arkansas decree was colorable and did not dissolve the marriage between the plaintiff and the defendant. The next three conclusions were

to the effect that while the plaintiff knew that the defendant had started a divorce action, she did not know until sometime after November, 1952, of a decree, and that she seasonably asserted her rights. In other words, she is not guilty of laches, nor is she estopped from attacking the decree. It is possible that a case could arise wherein a plaintiff seeking to invalidate a divorce on jurisdictional grounds might be guilty of laches. But the facts found furnish ample justification for the court's refusal to reach any such conclusion in this case. *Santangelo* v. *Santangelo,* 137 Conn. 404, 409, 78 A.2d 245. The remaining three conclusions are concerned with the amount the court found due under the New York decree, which the court found not to be superseded by the Arkansas decree.

The finding cannot be corrected in any way that would advantage the defendant. The facts properly found furnish ample support for the conclusions reached. *Rice* v. *Rice,* 134 Conn. 440, 447, 58 A.2d 523. The appeal amounts to a request that we retry the case. This we cannot do. *Corriveau* v. *Jenkins Bros.,* 144 Conn. 383, 387, 132 A.2d 67. The rulings on evidence were not sufficiently material to affect the result and therefore need not be considered.

There is no error.

In this opinion the other judges concurred.