ANN Z. SMITH *v.* HAROLD E. SMITH

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 7—decided July 27, 1962

*Frank J. Kinney, Jr.,* for the appellant (plaintiff).

*William S. Ewing, Jr.,* for the appellee (defendant).

KING, J. The facts in this case are not in dispute. At the commencement of the action, which was brought under General Statutes § 46-29 and sought a legal separation, alimony, counsel fees, and custody of a minor child, both the plaintiff wife and the defendant husband were residents of the state of Connecticut. The facts as to residence and the attendant circumstances make it clear that the domicil of each was then in Connecticut. Prior to the institution of this suit, the defendant had left the family home in Madison, Connecticut, and moved into an apartment in Hartford which he had leased for a six-month period expiring May 31, 1960. Service of process was made on him on February 11, 1960, by leaving a true and attested copy of the process at his apartment in Hartford, which was his usual place of abode. The day before, on February 10, he had left the state of Connecticut and gone to New York City, where he stayed two and one-half days en route to Nevada. Before he left Connecticut, he knew that the plaintiff was instituting this action and the nature of it. He knew, before he left New York City for Nevada, that process had been left at his apartment on February 11. Process was never manually served on him.

While the defendant was absent from Connecticut, the plaintiff, on March 17, 1960, moved for alimony pendente lite and counsel fees in connection with her action. No copy of this motion was served on the defendant. On May 20, 1960, the court, after a hearing, ordered the defendant to pay the plaintiff $80 per week as alimony pendente lite and $500 as counsel fees. The defendant was not

present at this hearing, nor did anyone appear on his behalf. Prior to the order, no general appearance had been entered by the defendant. He has not complied with the order of the court. On November 18, 1960, a contempt citation was issued by the Superior Court and duly served on the defendant, who had returned to Connecticut in the latter part of October and was living in Manchester. The defendant appeared specially and moved that the entire legal separation action be erased from the docket for lack of in personam jurisdiction over him and for the further reason that the plaintiff, upon a counterclaim interposed in an action for divorce which the defendant had instituted against her in Nevada, had already obtained a divorce. The court granted the motion on the jurisdictional ground of inadequacy of service, and from this decision the plaintiff has appealed. At the outset, it should be noted that on the jurisdictional question we are concerned only with service, on a defendant domiciled in Connecticut, by leaving the process at his usual place of abode within that state.

We may assume, without deciding, that our statutory action for legal separation, unlike an action for a divorce, is an action requiring in personam jurisdiction in the same way as an action for a money judgment. *Pettis* v. *Pettis,* 91 Conn. 608, 619, 101 A. 13 (decided before the enactment of General Statutes § 46-29). The holding of that case appears to be in accord with the general rule. 27 Am. Jur., Husband and Wife, § 419, p. 25, § 420, p. 27; cf. *Lee* v. *Lee,* 145 Conn. 355, 358, 143 A.2d 154. Of course, an order directing payment of alimony pendente lite and counsel fees operates in personam, unless satisfaction is sought out of property attached within the state. *Gimbel* v. *Gimbel,* 147

Conn. 561, 564, 163 A.2d 451; *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173; *Beardsley* v. *Beardsley,* 144 Conn. 725, 726, 137 A.2d 752. Such an order would not be enforceable through contempt proceedings unless the court had acquired jurisdiction in personam.

General Statutes § 46-29 provides that the procedure in actions for legal separation shall be the same as in actions for divorce. General Statutes § 46-14, which gives the procedure in actions for divorce, states, in part: "The party aggrieved may make complaint to the superior court in the form prescribed for civil actions, which shall be served on the other party . . . ." Nothing is said as to the manner of the service. The mode of service provided generally for civil actions in Connecticut appears in General Statutes § 52-57, as follows: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."

An action for a divorce or a legal separation obviously is a civil action. Since § 46-14 does not provide for any special mode of service of process, § 52-57 is applicable. See *Copes* v. *Malacarne,* 118 Conn. 304, 305, 172 A. 89. Section 52-57 provides for in personam service and by two methods: (a) by common-law service, that is, actual manual delivery of the process to the defendant himself within the state, or (b) by abode service, sometimes termed substituted service, that is, by leaving a copy of the process at the defendant's usual place of abode within the state. Under § 52-57, either mode of service is adequate for an in personam judgment. *Hurlbut* v. *Thomas,* 55 Conn. 181, 182, 10 A. 556;

see *Clegg* v. *Bishop,* 105 Conn. 564, 572, 136 A. 102; *Dorus* v. *Lyon,* 92 Conn. 55, 57, 101 A. 490; Stephenson, Conn. Civ. Proc. § 4 (a). Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Stephenson, loc. cit. Its chief purpose is to ensure actual notice to the defendant that the action is pending. *Clover* v. *Urban,* 108 Conn. 13, 16, 142 A. 389. The place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode. *Clegg* v. *Bishop,* supra, 569. This is illustrated by this very case, in which the defendant's daughter telephoned him in New York City and informed him of the "legal papers" left at his apartment in Hartford. Where, as here, a defendant is domiciled in Connecticut, service of process either by manual delivery or by leaving it at his usual place of abode, within Connecticut, is ordinarily sufficient service of process under § 46-14 to give the Connecticut court in personam jurisdiction. Indeed, these two forms of service are the only ones generally authorized under Connecticut law for the purpose of obtaining in personam jurisdiction.[1]

The defendant claims that the requirements for a valid service under Connecticut law were not met here because of noncompliance with § 46-17. That section provides that on "a complaint for divorce when the adverse party resides out of or is absent from the state" an order of notice may be given. The defendant did not reside out of Connecticut, but he was absent from Connecticut at the time of service.

---

[1] In special situations, particular methods of serving process are provided for; e.g., see § 52-62, as to nonresident operators of motor vehicles, and §§ 52-60 and 52-61, as to nonresident fiduciaries. Such statutes have nothing to do with this case.

Section 46-17, by its express terms, is permissive and not mandatory. An order of notice is merely authorized. Whether an order of notice should be sought or, if sought, should be granted and, if granted, what form it should take depend on the particular factual situation as it bears on the question of notice to a defendant, where the question of notice is important. If service in personam is achieved—whether abode service or service by manual delivery—there is ordinarily no occasion for an order of notice. In the case of abode service, this is true even though the defendant, at the moment of service, may be temporarily outside the state. The reason is that under most circumstances abode service is reasonably calculated to give notice. Restatement, Conflict of Laws § 75, comment c, illust. 1.

In the instant case, the domicil of the defendant was Connecticut, and his usual place of abode was at the place in Connecticut where service was made; he almost immediately had notice, by means of the telephone call from his daughter, of the leaving of the legal papers at his home; and for several days prior to the abode service, he had known of the attachment of his cabin cruiser in connection with the action. There can be no question that abode service under these circumstances conferred in personam jurisdiction over this defendant, adequate not only for a judgment of legal separation but also for a money judgment for alimony and counsel fees. Consequently, no proceedings were required under § 46-17. *Hurlbut* v. *Thomas,* 55 Conn. 181, 182, 10 A. 556; *Cikora* v. *Cikora,* 133 Conn. 456, 461, 52 A.2d 310; Restatement, Conflict of Laws § 79, comment b.

We turn now to the requirements of due process which must be met in order for a judgment to be entitled to full faith and credit in a foreign state.

A personal judgment rendered by a court of a state in which an absent defendant was domiciled at the time of service is valid as to him if service was made in accordance with the manner prescribed by the applicable statutes of the state, provided they prescribe a method of service reasonably calculated to give him actual notice of the proceedings and an opportunity to defend. *Milliken* v. *Meyer,* 311 U.S. 457, 462, 61 S. Ct. 339, 85 L. Ed. 278; *Harris* v. *Weed,* 89 Conn. 214, 221, 93 A. 232; Restatement, Conflict of Laws § 79, comment b; note, 94 L. Ed. 1167, 1177. In all ordinary situations, service by leaving a copy of the process at the absent defendant's usual place of abode within the state of domicil adequately meets the requirements of due process for an in personam judgment. See *Milliken* v. *Meyer,* supra; *Hurlbut* v. *Thomas,* supra; note, 126 A.L.R. 1474, 1480, 1485. An illustration of a factual situation in which such abode service would not meet the requirements of due process for an in personam judgment may be found in the Restatement, Conflict of Laws § 79, comment e, illustration 4. General Statutes § 46-17 provides a plaintiff with a method of making certain that the constitutional requirements of due process have been satisfied, where these involve notice of the proceedings and an opportunity to defend. See *Milliken* v. *Meyer,* supra; *Artman* v. *Artman,* 111 Conn. 124, 130, 149 A. 246; *Harris* v. *Weed,* supra; Restatement, op cit. § 79, comment b. Resort to the provisions of § 46-17 is unnecessary, however, where the service utilized itself satisfies the requirements of due process. That was the case here.

Of course, manual service on a defendant within the state is always the best and highest type of service and should always be used, if possible, in

preference to abode service. *Cikora* v. *Cikora,* supra, 458. But neither this fact nor the opportunities for further notice offered by § 46-17, as applied to the facts of this case, justified the court in dismissing the action on the ground of lack of jurisdiction of the defendant. The court was in error in holding that the service here was inadequate to confer in personam jurisdiction and that the court lacked jurisdiction to render a decree of separation and a money judgment for alimony pendente lite and counsel fees.

The appeal is consequently disposed of adversely to the appellee. The operative facts concerning the Nevada divorce proceedings do not appear in the present record. The effect, on their Connecticut domicils, of the conduct of the parties in connection with those proceedings is not before us; nor is the effect of the plaintiff's decree of divorce, obtained in Nevada, on her right to prosecute the present action. However, it would be difficult to see under what theory a woman so divorced could thereafter successfully pursue to judgment an action for a legal separation under General Statutes § 46-29, which on its face presupposes a subsisting marriage. See *Kovats* v. *Kovats,* 144 Conn. 579, 581, 135 A.2d 903; *Mazzei* v. *Cantales,* 142 Conn. 173, 178, 112 A.2d 205; *Hamilton* v. *Hamilton,* 113 Conn. 306, 310, 155 A. 217; *Lynn* v. *Lynn,* 302 N.Y. 193, 203, 97 N.E.2d 748; notes, 166 A.L.R. 1004, 1021; 28 A.L.R.2d 1346, 1352. A motion to dismiss or erase reaches only defects appearing on the face of the record. *Ragali* v. *Holmes,* 111 Conn. 663, 665, 151 A. 190. Nothing about the plaintiff's Nevada divorce was apparent on the face of this record, and the court was not in error in refusing to consider the issues concerning that divorce.

24

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.