MARIE H. O'BRIEN *v.* MATTHEW H. O'BRIEN

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 8744 F.R.
                          AT STAMFORD

Memorandum filed October 20, 1965

*Daniel B. Badger,* of Greenwich, for the plaintiff.

*J. Kenneth Bradley,* of Bridgeport, for the defendant.

I

FITZGERALD, J.  The within action, brought by writ, summons and complaint dated July 2, 1965, was returned to court on the first Tuesday of September, 1965.  It is one in which the plaintiff wife, a resident of Greenwich in this state, is seeking a legal separation from the defendant husband, a resident of New York City, and, in addition, alimony and an assignment to her of a part of the defendant's estate, including a transfer to her of the defendant's interest in certain real estate situated in Greenwich and described as "constituting the family residence," and its contents, together with counsel fees.  The alleged ground of action is wilful desertion.

The officer's return on file in substance recites the following actions taken by him to effect service: On July 2, 1965, an attachment of the defendant's right, title and interest in certain described real

estate situated in Greenwich; on the same day, a leaving by him in the office of the town clerk of Greenwich a true and attested copy of the original writ, summons and complaint with his doings endorsed thereon; and on August 26, 1965, a leaving by him with and in the hands of the plaintiff at Old Church Road, Greenwich, a true and attested copy of the same original papers with his doings endorsed thereon. In connection with the latter described service, the return recites that the plaintiff "has the charge and possession of the said premises and estate, the defendant Matthew H. O'Brien not being a resident or inhabitant of this State and being absent therefrom, and not having any known agent or attorney in this State."

## II

Appearing specially on September 8, 1965, the defendant pleads in abatement and to the jurisdiction on the ground that he is a resident of the state of New York and that there is pending in a court of that state "a prior suit of the same character, between the same parties, and brought to obtain the same ends or objects." To the interposed plea, the plaintiff on September 24 demurred on two basic grounds: (1) Since the defendant's New York residence is alleged in the complaint and the claimed defect is based on facts appearing of record, his remedy, if any, is a motion to erase and not a plea in abatement; (2) the pendency of an action in one state is no ground for abatement of a suit brought for the same cause in another state.

Both grounds of the plaintiff's demurrer to the defendant's plea are well taken. As to (1), reference is made to the Practice Book §§ 93 and 94. As to (2), see *Schaefer* v. *O. K. Tool Co.,* 110 Conn. 528, 535, and particularly the memorandum of Judge King in *Victorick* v. *Victorick,* 15 Conn. Sup.

263; note also 1 Am. Jur., Abatement, Survival and Revival, § 39.

## III

On September 16, 1965, still specially appearing, the defendant moved that the cause be erased from the docket for want of jurisdiction. This motion was heard by the court at the same short calendar session, on October 1, as was the plaintiff's demurrer to the defendant's plea hereinbefore considered. Basically, the grounds of the motion to erase are that the plaintiff's cause of action is one for legal separation under the statute (General Statutes § 46-29); that personal service was not made on the defendant pursuant to another statute (§ 52-57); and that the manner of service upon the plaintiff, as disclosed in the officer's return, pursuant to § 52-284, relating to the attachment of property of nonresident defendants, applies only to actions in rem and not to actions in personam, as is the action at bar.

Part I of the within memorandum, second paragraph, summarizes the recitals contained in the officer's return. It sufficiently appears that the mode of attachment was pursuant to, and followed, the requirements of the relevant statutes. They are § 52-284, which is concerned with the attachment of the estate of nonresident defendants,[1] and § 52-285, "Attachment of real estate." The writ itself commands the officer to make an attachment of the defendant's property; the complaint alleges the defendant to be the owner of real estate situ-

[1] "Sec. 52-284. ATTACHMENT AGAINST NONRESIDENTS. When the defendant is not a resident . . . of this state and has estate within the same which has been attached, a copy of the process and complaint, with a return describing the estate attached, shall be left by the officer with the agent or attorney of the defendant in this state . . . . If the defendant has no agent or attorney within this state, a like copy shall be left with the person in charge or possession of the estate attached . . . ."

ated in Greenwich; and the claims for relief are as stated in the first paragraph of part I hereof.

The attachment considered in *Carter* v. *Carter,* 147 Conn. 238, a case relied upon by the defendant, was held invalid because the attachment procedure attempted after the action was brought and the suit was pending had not been properly inaugurated. It is, however, stated in that opinion (p. 241) : "While a court is powerless to enter a personal decree against a nonresident defendant based solely on constructive service, it has power to deal with the defendant's property within the jurisdiction of the court. Constructive service of process upon a defendant in a proceeding against specific property of that defendant within the jurisdiction will enable the court to render a decree binding on the property. The judgment, when rendered, constitutes a charge to be satisfied out of the property which has been seized. The judgment is quasi in rem." (Among the cases cited are the Connecticut cases of *Coyne* v. *Plume,* 90 Conn. 293, 300, and *Artman* v. *Artman,* 111 Conn. 124, 130.) Reference is also made to the discussion by Judge O'Sullivan in *Sattler* v. *Sattler,* 7 Conn. Sup. 179, 180–181.

A statement appearing in *Smith* v. *Smith,* 150 Conn. 15, 18, relied upon by the defendant, in which our Supreme Court, speaking through Justice King, assumes without deciding that the statutory action for legal separation (§ 46-29), unlike one for divorce, is an action requiring in personam jurisdiction is viewed as dictum as applied to the case at bar. The *Smith* case did not involve any attachment by the plaintiff of the defendant's property, nor is it concerned with the issue of jurisdiction in a separation action commenced by attachment of property situated in Connecticut of a nonresident defendant.

It is the court's opinion that the plaintiff's action for legal separation was commenced by proper attachment of the property of the nonresident defendant which is situated in Greenwich; that the officer complied fully with the statutory requirements of §§ 52-284 and 52-285; and that the court thereby has jurisdiction of the subject matter of the action and of the relief sought if the plaintiff is otherwise found entitled to such.

The defendant argues that the statute (§ 52-284) does not in terms place the person "in charge or possession" of property under any obligation to notify the defendant of the pendency of an action and that the General Assembly obviously intended that such service under the statute be made upon someone responsible to the defendant and not his adversary such as a plaintiff. The short answer is that the statute on this aspect must be read in the language employed; the intention of the lawmakers cannot be left to conjecture. No claim has been raised in the defendant's plea in abatement or in his motion to erase that the statute is unconstitutional on this aspect. Likewise, no claim has been made in either the plea or the motion that the papers disclosed in the officer's return to have been left, duly endorsed, with the plaintiff, "who has the charge and possession of the said premises and estate" of the defendant, a nonresident, were not left with one, in the person of the plaintiff, who was in fact in charge and possession of such premises and estate.

In *Lee* v. *Lee,* 145 Conn. 355, 359, it is stated: "It is clear that . . . [§§ 46-29 and 46-30 (relating to legal separation and divorce subsequent thereto)] were intended to, and do, supplement the statutes governing divorces." The mode of procedure is identical. Compare § 46-29 (legal separation) with

§ 46-14, relating to divorce actions. A decreed legal separation pursuant to § 46-29 may subsequently result in a final decree of divorce. Hence, if proper attachment under §§ 52-284 and 52-285 was made at the outset of this action for legal separation, and it is found that the officer followed the essential statutory requirements, such constitutes the action, at least for present purposes, as one quasi in rem.

The motion to erase is required to be denied.

### IV

The foregoing dispositions are recapitulated:

1. The plaintiff's demurrer to the defendant's plea in abatement and to the jurisdiction is sustained in toto.

2. The defendant's motion to erase the cause from the docket for want of jurisdiction is denied.