[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT MARY LABBADIA'S MOTION TO DISMISS (#112)
I. FACTS
In the original complaint filed on December 11, 1990, the plaintiffs, Pasquale and Natalie Labbadia, allege that defendant Pasquale Labbadia, III converted the plaintiffs' property and breached a contract to repay a loan to the plaintiffs.
On December 20, 1990, the defendant Pasquale Labbadia, III filed a pro se appearance.
On March 13, 1991, the plaintiffs filed a motion to cite in Mary Labbadia as a party defendant and a memorandum of law in support thereof. On March 20, 1991, defendant Pasquale Labbadia, III filed an objection to the motion. On April 8, 1991, the motion was granted by the court, Hendel, J.
On April 19, 1991, the plaintiffs filed an amended complaint. In the Sheriff's Return dated April 13, 1991, Deputy Sheriff William E. Wrang states that he left a "copy of the original Summons, Amended Complaint, Motion to Cite in Party Defendants . . . with and in the hands of . . . defendant Mary Nitti Labbadia at said 29 Nod Road, Clinton, Ct." (her place of residence).
On September 26, 1991, defendant Mary Labbadia filed a motion to dismiss for insufficiency of process, a memorandum in support thereof, and a pro se appearance.
On October 7, 1991, the plaintiffs filed an objection to the motion to dismiss and a memorandum of law in support thereof.
II. DISCUSSION
A motion to dismiss is the appropriate vehicle for challenging insufficiency of process. Practice Book Sec. 143(4); see, e.g. Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 539 A.2d 1110 (1989).
Defendant Mary Labbadia argues that the motion to dismiss should be granted because Practice Book Sec. 196 requires that a motion to cite in party defendant must "`be served on all parties as provided in Sec. 120 and, when filed, the fact of service shall be endorsed thereon.' The endorsement of service by the plaintiffs' counsel states that he sent the motion to `all counsel of record.' However, there are no other counsel of record in this action as CT Page 10764 I had not yet appeared and the other defendant had appeared pro se."
The plaintiffs argue that the intent of Sec. 196 is to provide the parties with notice of pleadings. Plaintiffs further argue that since a copy of the amended complaint was served upon defendant Mary Labbadia, in hand, and a copy was mailed to defendant Pasquale Labbadia, III, Sec. 196 was fully satisfied. They further contend that although the defendant Mary Labbadia argues that the motion should be granted because service of process was insufficient, she does not allege any facts which show that she was not properly served.
Practice Book Sec. 121(c) states: "Any pleading asserting new or additional claims for relief against parties who have not appeared . . . shall be served on such parties."
General Statutes Sec. 52-57 (a) states: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration of complaint, with the defendant, or at his usual place of abode, in this state."
"(M)anual service on a defendant within the state is always the best and highest type of service and should always be used, if possible, in preference to abode service." Smith v. Smith, 150 Conn. 15, 22-23,183 A.2d 848 (1962).
In the present case, Deputy Sheriff Wrang served defendant Mary Labbadia by leaving the necessary documents with her at her home. Defendant Mary Labbadia does not contradict this.
It is decided that the requirements of General Statutes Sec. 52-57 (a) have been met, and that defendant Mary Labbadia was properly served. Accordingly it is found that the motion to dismiss should be denied.
III. CONCLUSION
For the reasons herein stated, this court concludes that the defendant's motion to dismiss ought to be and is hereby denied.
It is so ordered.
ARENA, J. CT Page 10765