[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The issue raised by the instant motion is whether the tax CT Page 1918 assessment agreement (hereinafter "Agreement") complies with General Statutes 12-65b.
The facts, not seriously disputed, established that on February 16, 1988 the Town of Manchester (hereinafter "Town") entered into a tax assessment agreement with the defendant, The Mall at Buckland Hills Partnership, (hereinafter "defendant"). The plaintiff is a resident and taxpayer of Manchester who was previously found to be aggrieved.
The agreement is an abatement of taxes authorized by General Statutes 12-65b fixing the assessment of the mall's 115 acres at a value below that at which the property would have been assessed under local laws. The Agreement represented an incentive to the defendant to expedite the construction of d 1,100,000 sq. ft. shopping mall adjacent to I-84 in the Town of Manchester.
The Town required certain traffic improvements to roads surrounding the mall site. The defendant was further required to implement water and sewer improvements on the situs. In consideration for these improvements, the Town agreed to fix the assessment at a lower level for seven years. This Agreement, executed in pursuance to 12-65b, supra, resulted in a claimed tax savings of $39,000,000 to the defendant.
The plaintiff challenges the Agreement on sundry statutory and constitutional grounds.
The defendant filed a motion for summary judgment on November 20, 1991 contending that there are no material facts in dispute. Further, the defendant correctly asserts that when the only issue in dispute is the interpretation of a contract Bank of Boston v. Schlesinger, 220 Conn. 152 (1991), or the meaning of a statute, Pascale v. Board of Zoning Appeals of City of New Haven, 150 Conn. 16 (1962), then the case is sufficiently mature for a summary judgment determination.
The essence of the plaintiff's case is that the Agreement "provides for an unfair and arbitrary assessment figure . . . ." (Plaintiff's Brief, Jan. 20, 1992, p. 6); and that because it is not statutorily exempt it violates the assessment standards of General Statutes 12-64. The plaintiff charges in the alternative that the Agreement is unreasonable and arbitrary or violates the assessment criteria of 12-64, supra. CT Page 1919
It is axiomatic that the reasonableness or interpretation of a contract is an issue of law; and that the interpretation or reconciliation of claimed inconsistent statutes is further reserved to the courts for determination.
It is not seriously disputed that the General Assembly is authorized to enact legislation granting to municipalities the power to negotiate rational and flexible positions of property assessments in order to encourage their maximum development.
Implicit in 12-65b, supra, is that the resulting Agreement will balance the temporary loss of revenue by the improvements and benefits made to the subject property; that the increase in the long term revenue stream legally justifies the short term concessions afforded. In effect, the Agreement must be fair and reasonable.
The essence of the defendant's posture is that the Agreement is legal and executed in conformity with 12-65b; therefore, the instant motion should be granted. The dispute, although resolvable under the guise of a short calendar motion, requires, in terms of fairness to the parties and to the court, extensive evidence to buttress or impugn the plaintiffs' charges. The issue at bar involves the necessity of witnesses, exhibits and documents requiring several days of evidence. It is neither wise nor feasible to pass upon the issues raised within the constraints of the short calendar.
The plaintiff charges that the "Agreement grossly undervalues the land at issue." (Brief, id., p. 9). "If a municipality were to have such a power, nothing would prevent a town from setting the level . . . possibly even at zero." Id. These charges may not prevail, but they nevertheless merit a forum for their rejection or acceptance. Substantial evidence will no doubt be required to resolve these charges.
The defendant's contention that "because as a matter or law the Agreement complies with 12-65b, there is no genuine issue of material fact and defendant's motion for summary judgment should be granted," (Defendants' Reply Brief, p. 1) is premature. The resolution of the issues raised is a matter for the court and not the jury — but extensive evidence is manifestly required to prove or disprove the reasonableness of the Agreement.
The defendant's implied assertion that an Agreement under12-65b, id., is per se unassailable is rejected. The exercise of municipal discretion will be accorded every presumption of regularity, but this cannot shield such agreements from attack. CT Page 1920 To embrace the defendant's position would surely invite, in time, abuse and capriciousness. The inhibiting agent in negotiating a 12-65b Agreement cannot be solely the goodwill and integrity of the public officials; there must also be the knowledge that an aggrieved taxpayer enjoys the unfettered right to challenge the reasonableness of any such agreement in court.
The plaintiff's thrust is that the Town acted in abuse of its discretion, power and the public trust. She should not be denied the opportunity to present evidence to prove these charges. This can only be achieved by having this matter assigned for trial before the proper tribunal.
The motion for summary judgment is denied without prejudice.
The court acknowledges the superior briefs submitted by both sides.
So Ordered:
ARTHUR L. SPADA, J.