[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff instituted the present action against a Connecticut general partnership and others by making abode service upon one of the partners. The defendant partnership ("defendant") has moved to dismiss the action asserting that all partners must be named in the writ and that abode service cannot be made upon a partnership.
It is said that at common law, all partners must be named in the writ with service made on all partners or amenable to such service. Stevenson, Connecticut Civil Procedure Second Edition 27 p. 104. However, service of process upon a partnership is now governed by General Statutes 52-57(d) which provides:
 "In actions against a partnership, service of process may be made by personally serving any process within the state upon any one of the partners or, if no other partners are residents of this state, service may be made upon the secretary of state; provided, prior to the return date, the officer serving the writ shall mail a copy of the writ and the complaint by registered or certified mail, return receipt requested, to the last known address of every partner named in the writ not personally served. A statement of such mailing and receipt therefore shall be included in the officer's return." (emphasis supplied).
The above quoted statute does not contain any direction that all partners must be named in the writ and the statute only CT Page 160 requires mailing to partners who are named in the writ but not personally served. The failure to name individual partners in the writ limits execution upon a judgment to partnership property. See General Statutes 52-364. However, the failure to name partners in the writ does not constitute a ground to dismiss the action.
The defendant also claims that abode service upon a partner is not permissible when instituting suit against a partnership.
General Statutes 52-57(d) provides that service process upon a partnership may be made "by personally serving process within the state upon any one of the partners". Subsection (a) of 52-57
provides that: "except for otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint with the defendant, or at its usual place of abode, in this state." General Statutes 52-54
provides: "[T]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode."
The defendant has not cited any case holding that abode service is improper with respect to a partnership. The use of the phrase "personally serving" in General Statutes 52-57(d) is insufficient to mandate in hand service rather than abode service in view of the provisions of subsection (a) of that statute and in view of the provisions of General Statutes 52-54. See, Smith v. Smith, 150 Conn. 15, 19 (1962) (in personam service may be made by manual delivery or by leaving a copy at the usual place of abode).
Accordingly, the Motion to Dismiss is denied.
RUSH, J.