[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Commissioner of Social Services, State of Connecticut, pursuant to General Statutes § 46b-231 (n) and Practice Book § 479B, appeals from a decision of the Family Support Magistrate dismissing its paternity petition for improper service of process.
On November 16, 1995, at the hearing on the petition, the respondent failed to appear. Sua sponte, the magistrate dismissed the petition for insufficient service of process. The only evidence of service before the magistrate was the sheriffs return of service which was timely filed with the clerk
In his return of service, the sheriff certified that he left a true and attested copy of the petition at the usual place of abode of the respondent, "470 Main Street, Moosup, Conn. in Plainfield, Conn. on June 22, 1995." Additionally, the return states: "Left with defendant's mother, Mrs. Keck, at 470 Main Street at 7:00p.m. on 6-22-95."
The transcript of the hearing reveals that the magistrate interpreted the sheriffs return of service as indicating in hand service on the mother, a non-party, rather than abode service on the respondent. Accordingly, the magistrate dismissed the petition, allowing the petitioner to refile its claim following proper service.
General Statutes § 52-57 provides that service of process in a civil action may be made upon the defendant or at the defendant's usual place of abode. The chief purpose of abode service is to ensure actual notice to the defendant that the CT Page 1365-TTTT action is pending. Smith v. Smith, 150 Conn. 15, 20 (1962) The sheriffs return, indicating that he made service by leaving an attested copy at the defendant's place of abode is prima facie evidence of the facts stated therein Genung's Inc. v. Rice,33 Conn. Sup. 554, 558 (1976). Those facts may be contradicted and other facts introduced to show otherwise Id.
In this case, the magistrate did not conclude that 470 Main Street was not the respondent's residence or usual place of abode. Rather, the magistrate took issue with that portion of the return which states that service was made by leaving it with the respondent's mother at his usual place of abode.
If the chief purpose of abode service is to ensure actual notice to the respondent that the action is pending, it seems illogical to conclude that slipping it under the door is less trustworthy than placing it in the hands of the respondent's mother at the respondent's residence.
For the foregoing reasons, the court concludes that the magistrate's decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. The case is remanded for a hearing on the merits.
Martin, J.