[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 17, 1997, the defendant in this case filed a motion to reopen judgment pursuant to § 52-212 C.G.S. In July of this year, a default judgment was entered against defendant in CT Page 11364 a marital dissolution action brought by his former wife. Defendant did not appear in the action. As part of the decree the family home was ordered transferred to the plaintiff. The defendant now appears through counsel and moves to have the judgment reopened.
The defendant claims that at the time the service was made in the dissolution case he was residing in a trailer behind his place of employment, a chicken farm. The defendant's version of the facts states that he and another employee resided in separate trailers on the farm. The two trailers were not in close proximity to each other with defendant's trailer being somewhat farther removed from the main production areas of the farm and the access roads into the farm. The defendant claims that neither abode service nor in hand service was ever made upon him. He states that the sheriff serving the process went up to the first trailer and said to the occupant, "These papers are for David Charbonneau," or words to that effect. The occupant of the trailer states in his sworn affidavit that he told the sheriff, "I'm not David Charbonneau," but the sheriff simply walked away from him after leaving the papers. Soon after the service was made, the affiant personally handed the papers to Mr. Charbonneau informing him that they had been left for him by the sheriff at the affiant's trailer. Mr. Charbonneau, who by his testimony and that of his wife, son and daughter, is a functional illiterate, states that he took physical possession of the papers and then promptly lost them.
At the time the papers were served on Mr. Charbonneau, he was residing in the trailer on the, chicken farm because he was under the directive of a restraining order to stay away from the marital abode where he had previously resided. Mr. Charbonneau states that he thought the papers were "just another restraining order" directing him to stay away from the Charbonneau residence due to the fact that there had been domestic violence there.
At a hearing before this court, there was testimony elicited from both Mr. Charbonneau's son and his daughter regarding whether or not Mr. Charbonneau had actual notice of the divorce proceedings that were pending against him. Mr. Charbonneau's son stated that he had several conversations with his father regarding the dissolution action but that he could not remember the exact dates of those conversations. The son testified that his father discussed the matter with him both before and after the default judgment had been entered. Mr. Charbonneau's daughter CT Page 11365 gave testimony that her father did not know of the action until after the judgment was rendered. The plaintiff testified that she told the defendant of the impending court date and he ignored her.
A motion to set aside a judgment based on default or nonsuit is governed by Connecticut Practice Book § 377 and Connecticut General Statutes § 52-212. Under § 52-212 a default judgment may be opened within four months upon a motion "showing reasonable cause, or that a . . . defense . . . existed at the time of the rendition of such judgment . . . and that the . . . defendant was prevented by mistake, accident or other reasonable cause from . . . making the same." Collins v. Scholz,34 Conn. Sup. 501, 504 (1976) quoting Testa v. Carrols HamburgerSystem, Inc. 154 Conn. 294, 297. The motion must be verified by the complainant or his attorney, contain a general statement of the nature of the defense, and particularly set forth the reasons why the party failed to appear. Collins v. Scholz, at 505. If those requirements are satisfied and the moving party alleges and shows reasonable cause for relief, the granting of the motion lies within the sound discretion of the trial court. Jaquith v.Revson, 159 Conn. 427, 431-432. Courts reviewing actions where the propriety of service was the issue underlying such a motion have found that a lack of notice was sufficient reason to reopen the judgment. Collins v. Scholz, at 505-506. However, at least one court reviewing such a matter has determined that the negligence of the movant is grounds to deny the motion. Pennie Edwards v. Allied Controls, 1994 Ct. Case Base 529 (Sylvester, J.) January 18, 1994 (misplacing papers resulting in defendant's failure to timely notify attorney of action not sufficient grounds to open the judgment.)
Service of process in Connecticut is governed by C.G.S. §52-57 which reads in pertinent part: "Except as otherwise provided, process in any civil action shall be served by leaving a true and, attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." C.G.S. § 52-57. One's usual place of abode is in the place where he would most likely have knowledge of service of process. Clegg v. Bishop, 105 Conn. 564, 569. Its chief purpose is to ensure actual notice to the defendant that the action is pending. Smith v. Smith, 150 Conn. 15, 20.
In this case testimony and the sworn affidavits clearly indicate that the defendant was not actually served at his usual CT Page 11366 place of abode. Rather, a neighbor delivered a copy of the writ, summons and complaint to him. The decisive issue then becomes whether or not the defendant had actual notice of the pending dissolution action and whether such notice if found, is sufficient to rectify the error in that service was made neither in hand nor at his usual place of abode.
In one case, the court found that the fact that defendant had actual notice of the matter was sufficient to make service proper even though the defendant had not been served at his usual place of abode. In Plonski v. Halloran, defendant was served in his Connecticut hotel room rather then his residence. The Plonski
court found such service to be sufficient not by analogizing a hotel room to an abode but by stating that if defendant had received actual notice of the matter, "actual notice weighs heavily in favor of the plaintiff; the defendant cannot be heard to say that he was prejudiced in any manner whatsoever." Plonskiv. Halloran, 36 Conn. Sup. 335, 337 (1980).
In Smith v. Smith, the Connecticut Supreme Court stated that the primary purpose of abode service was to "ensure actual notice to the defendant that the action is pending." Smith v. Smith,150 Conn. 15, 20 (1962). In Smith, process was served upon defendant at his apartment in Hartford while he was out of town on business. While he did not actually see the papers himself, defendant's daughter informed him by phone that he had been served with legal papers.
Here, the more credible evidence is that the defendant had actual notice of the pendency of the dissolution action. He admits to having copies of the writ, summons and complaint in his possession at one point before losing them. Notwithstanding his claim of illiteracy, his son and his ex-wife both testified that he was aware of the dissolution case. Both recalled conversation with him prior to the hearing in July of this year. It is hard to credit his testimony that he thought the paper in question involved another restraining order under § 46b-15 C.G.S., when, in fact, he had not been residing in the family home and had been living apart from his spouse for some time.
For these reasons, the court concludes that the defendant has not meet his burden of proving that he "was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." C.G.S. § 52-212. CT Page 11367
The motion to reopen is denied.
Potter, J.