[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The State of Connecticut commenced a paternity action pursuant to Connecticut General Statutes § 46b-162 alleging that the defendant Roy Richards was the father of the minor children, Ray Harold Richards and Ron Hakem Richards, born July 21, 1994 to the plaintiff Luz Lozano. The paternity action was served abode by a deputy sheriff on March 11, 1999 at the defendant's usual place of abode, 29 Ellsworth Street, 2nd Floor. In the remarks section of the return of service, the sheriff indicated "verified defendant's address — service left with his mother" (Sheriff's Return, March 11, 1999).
On the initial court date of May 11, 1999, the mother and alleged defendant father did not appear. On June 2, 1999 the mother appeared but could not provide information concerning a military affidavit required by the court. On August 10, 1999, a hearing commenced and the magistrate continued the matter for additional service on the defendant in Jamaica. The JD-FM-170 hearing form of August 10, 1999 signed by the magistrate indicates an additional order "amended service by sheriff". This order does not appear in the transcript of the hearing.
The matter was next continued to September 28, 1999, when both the plaintiff and the defendant were not present. The matter was then continued to November 9, 1999, when the magistrate summarily dismissed the matter for insufficient service of process. The State of Connecticut now appeals the decision of the magistrate pursuant to § 46b-231 (n) of the Connecticut General Statutes. The State contends that the decision to dismiss was contrary to statutory and case law.
Service or process in a civil action may be made at the usual place of abode of a defendant, and a court can acquire in CT Page 3836 personam jurisdiction over a defendant who has been served at his usual place of abode within the state. General Statutes §52-57; Hurlbut v. Thomas, 55 Conn. 181, 182. The chief purpose of abode service "is to ensure actual notice to the defendant that the action is pending." Smith v. Smith, 150 Conn. 15, 20.
Whether a particular place is the usual place of abode of a defendant is a question of fact. Although the sheriffs return is prima facie evidence of the facts stated therein, it may be contradicted and facts may be introduced to show otherwise.Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390; Page 503.Cugno v. Kaelin, 138 Conn. 341, 343; 1 Freeman, Judgments 228. "The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v. Dalliber, 11 Conn. 234, 238." Cohen v. Bayne,28 Conn. Sup. 233, 237. There is further presumption that all matters stated in the return of the sheriff are true, StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53-54 (1983).
The transcript of the hearing on August 10, 1999 is devoid of any reference to the requirement of the plaintiff to file an amended return of service. Furthermore, the magistrate simply assumed that service was invalid and dismissed the case without making factual findings that the defendant, Roy Richards, was deprived of notice and opportunity to be heard. There is nothing in the record to suggest that the process served at the defendant's place of abode was in any way misdirected, mishandled or destroyed by his mother, who was a resident of the second floor apartment according to the record. The Court hereby finds that the magistrate exceeded his authority in dismissing the case.
The judgment of the magistrate dismissing the case is reversed and the case is remanded to the magistrate for further proceedings in accordance with this decision.
Devine, J.