HUGH DUNLEAVY v. HELEN V. DUNLEAVY

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 70126

Memorandum filed August 6, 1946.

*Frederick H. Allen,* of Greenwich, for the Plaintiff.

*J. Albert Hughes,* of Greenwich, for the Defendant.

CORNELL, J.  The complaint in this action is dated February 17, 1945. The cause was returned to this court on the first Tuesday of March, 1945. The writ describes the defendant as "formerly of the City of Stamford . . ., now of parts unknown." The original order of notice dated February 20, 1945, recites that "the said defendant is absent from this State and gone to parts unknown." On this recital the clerk of this court for Fairfield County subscribed an order "that notice of the pendency of said complaint be given by publishing this order in the Stamford Advocate, a newspaper printed in Stamford,

Connecticut, three times successively commencing on or before the 21st day of February, 1945."

Two further orders of notice were made on June 7, 1945, and March 8, 1946, respectively. In the applications upon which these were based it is recited that "the residence of the defendant Helen V. Dunleavy is unknown." It is also represented that the notice most likely to come to defendant's attention would be by publication in the same newspaper as required by the original order of notice, at Stamford, "for the reason that the defendant was last known to be residing in Stamford, Connecticut." Reading the recitals in the applications for both orders of notice connectedly, together with the description of defendant's whereabouts contained in the writ, they may be reasonably viewed as stating that the defendant once resided in Stamford, Connecticut, but has left there and her whereabouts at the time the action was commenced and up to the date of the trial was unknown. In this situation the decision in the case of *Cikora* v. *Cikora*, 14 Conn. Sup. 204, is determinative that no service within the conception of § 5177 was made on defendant.

An order may enter erasing the cause from the docket; judgment accordingly.