GEORGE CIKORA v. AGNES CIKORA

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 71593

Memorandum filed August 6, 1946.

*Harold Yudkin,* of Derby, for the Plaintiff.

CORNELL, J. This petition for a divorce was made returnable and returned to this court on the first Tuesday of December, 1945. The complaint, which is dated November 14, 1945, alleges that the defendant deserted plaintiff on November 3, 1910. In the writ, defendant is described as "formerly of the City of Shelton . . . State of Connecticut, and now of parts unknown." Process in the form of substituted service under the provisions of General Statutes, §5177, was issued. The original order on notice, subscribed by an assistant clerk of this court at Bridgeport and dated November 19, 1945, directs publication of the same in the Evening Sentinel, "a newspaper printed in Ansonia, Connecticut, three times successively, commencing on or before the 22nd day of November, A. D. 1945."

On December 5, 1945, the court, upon plaintiff's application, ordered additional notice to be given by publication in the same newspaper "once a week for two weeks commencing on or before the 15th day of December, 1945." Both of these orders were complied with. No appearance in defendant's behalf was entered and she was not personally present, nor was she represented by counsel at the hearing. The question is whether, under the facts stated supra and those mentioned below, the court acquired jurisdiction to dissolve the marriage of the parties.

Up to 1821 (see Statutes 1808, pp. 236-237), aside from instances where the plaintiff "shall have left his or her consort in any other state or nation," the only provision for substituted service in a petition for divorce applied when the defendant was a resident of this state but absent therefrom when the action was commenced. In 1821 provision was made, also, for constructive service upon nonresident defendants in such a proceeding. General Statutes, Rev. 1821 p. 178. Thus the law remained (See General Statutes, Rev. 1866, p. 306) until 1899. In the latter year the General Assembly authorized substituted service in another instance, namely, when "the whereabouts of the adverse party is unknown to the plaintiff." Public Acts, 1899, Chap. 108. The statute presently in force (General Statutes, §5177) reads in part as follows: "On a complaint for divorce when the adverse party shall reside out of or be absent from the state or the whereabouts of the adverse party shall be unknown to the plaintiff, any judge or clerk of the supreme court of errors or of the superior court or any county commissioner may make such order of notice as he may deem reasonable." If there can be said to be any ambiguity in this language, the references to the sources from which the provision derives makes it clear that there are three instances in any one of which so-called constructive service may be resorted to; that is: (1) when the defendant is a resident of this state, but absent therefrom when the action is commenced; (2) when the defendant is a nonresident; and (3) when the defendant's whereabouts is unknown to plaintiff. Considering the phrase "the whereabouts of the adverse party shall be unknown to the plaintiff" in the light of the other provisions and the legislation mentioned from which the content of §5177 developed, its meaning is that the plaintiff has no knowledge whether the defendant is an absent resident or a nonresident.

The classifications noted reflect principles of the substantive law but of these no discussion is called for in view of the narrowness of the issue presented here.

"The object of all process . . . is to give the person to be affected by the judgment sought, notice thereof and an opportunity to defend." *Mosely* v. *Reilly,* 126 Mo. 124, 128, 28 S. W. 895, 26 L. R. A. 721. "The most prominent purpose of the law in prescribing the modes of serving civil process, was, to ensure actual notice to defendants . . ." *Grant* v. *Dalliber,* 11 Conn. 234, 237; *Clegg* v. *Bishop,* 105 Conn. 564, 569; and see *Clover* v. *Urban,* 108 Conn. 13, 16. While this remains the objective, the standard of the sufficiency of substituted or constructive service is not whether the form thereof authorized and employed will of certainty result in actual notice of the commencement or pendency of the cause; "it is reasonabl probability of notice, not actual notice, which is the test." *Hartley* v. *Vitiello,* 113 Conn. 74, 80, 154 Atl. 255 and cases cited. This means that the type of substituted service ordered must be such as is fairly adapted, having regard to which of the three statutory classifications the defendant falls within, to affording a fair likelihood that it will come to such defendant's attention and, this occurring, will convey notice to him of the pendency of the cause agaist him. The legal sufficiency of the constructive service had in the instant case must be tested by this standard. The description of the defendant in the writ, in this regard, is equivocal (that is, that she was "formerly of the City of Shelton . . . and now of parts unknown") in that, while it implies that she no longer resided in the particular named city, it avoids saying that she did not live in some other locality within the state, and at the same time it is sufficiently comprehensive to include the meaning that she no longer resided in Connecticut. The original order of notice is consistent with the first hypothesis and ignore the second. It reads: ". . . it appearing to and being found by the subscribing authority that the said defendant is absent from this state and gone to parts unknown . . ." etc., and directs publication in the named Ansonia newspaper, only. Without regard to whether or not substituted service by such publication in this state was within the authority conferred by $5177 supra, it is evident that the order for it was based upon the apprehension that defendant, wherever she might be, was or probably was, a resident of this state, since no substituted service which might serve as notice

to her if she were elsewhere was made. All this is negatived, however, by the representations contained in plaintiff's application for the second order of notice, preferred to the court, in which it is recited that: "The residence of the defendant Agnes Cikora a. k. a. Agnes Sikora is unknown and has been unknown since November 3, 1910." As noted supra, the only notice ordered on the basis of this statement was another publication in the same newspaper printed in the same city within Connecticut. Where the whereabouts of the defendant is unknown, it is evident that he may be either a nonresident or an absent resident. The efficacy of substituted service to afford probable notice to the defendant must ordinarily conform to whichever of these situations the defendant occupies. Thus it is held that if the defendant be a resident, substituted service on him as a nonresident is ineffective. *Stallings* v. *Stallings*, 127 Ga. 464, 56 S. E. 469, 9 L. R. A. (N. S.) 593; *State ex rel. Happel* v. *District Court*, 38 Mont. 166, 35 L. R. A. (N. S.) 1098, 129 Am. St. Rep. 636. Of course, the converse is necessarily true: if he be a nonresident, constructive service on him, as an absent resident, is palpably insufficient. If constructive service is to be anything more than a mere formality, and is to afford such notice under the attendant circumstances as will be reasonably calculated to come to the attention of the defendant, it must be such as is adapted to do so whether he be an absent resident or a nonresident. This signifies that if the defendant's whereabouts is unknown as that term is used in the statute, the constructive service authorized must conform to that which would be warranted if he were an absent resident and also if he were a nonresident. Without regard to whether or not the notice by publication in a local newspaper in this state fulfills the requirements of the first mentioned situation, it is certain that there was no notice at all which might be considered referable to the second, in either of the orders made.

When constructive service is resorted to the jurisdiction of the court depends entirely upon whether it conforms strictly to the requirements of the statute which authorizes it. 17 Am. Jur. 299, §290, and cases cited in note 1. The pertinent statute (No. 5177) is unique in that it contains no specific prescription of what form of substituted service is permissible either as concerns an absent resident or a nonresident. It leaves the whole matter to the discretion of the officers empowered to direct its issuance with no specified rule or standard to furnish any guide. Whether or not such a statute is con-

stitutional is beside the point, in view of the conclusion reached here that on any other theory there was no service on the defendant within the conception of such statute. Under such circumstances any judgment rendered on the merits would be a nullity. " 'It is an acknowledged principle . . . of every court in the world, that not only the decisions, but everything done under judicial process of a court, not having jurisdiction, are, *ipso facto,* void'." *Clover* v. *Urban,* supra, 17.

An order may enter that the cause be erased from the docket; judgment accordingly.