SANDRA SCHREIBER *v.* LEONARD I. SCHREIBER

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 10884
AT STAMFORD

Memorandum filed May 26, 1967

*Allan S. Mall,* of Norwalk, for the plaintiff.

*Harvey L. Koizim* and *Vincent S. Tirola,* of Westport, specially for the defendant.

WRIGHT, J. The defendant has pleaded in abatement on two basic grounds: (a) that service was not properly made upon him; (b) that neither of the parties is a resident of Connecticut.

The case of *Guglielmino* v. *Guglielmino,* 16 Conn. Sup. 442, wherein it was held that a challenge of

the residence of the parties in a divorce action cannot be made through a plea in abatement but must await a trial of the action on the merits, disposes of the second aspect of the plea in abatement.

In the present case, an attachment of real estate in Westport was made which gives the plaintiff quasi in rem jurisdiction. Stephenson, Conn. Civ. Proc. § 14. In order, however, to proceed in her claim for divorce and alimony in all its aspects, the plaintiff must also establish in personam jurisdiction.

Evidence was received by the court to the following effect: The parties have lived in Westport, Connecticut, for several years in a house at 260 Hillspoint Road. The husband is an attorney practicing in New York City. During the course of the parties' marriage, the husband has commuted from New York City to Westport. At times he has maintained a small apartment in New York City for occasional nights in town, and on other occasions he has spent a night or two per week at a New York hotel. He concedes, however, that his main home was in Westport until and including March 30, 1967.

A suit brought for divorce was prepared on March 28, 1967, by the plaintiff's attorney; the sheriff serving the writ was unable to locate the defendant for personal service on March 30, 1967; and on March 31, 1967, at approximately noon, the sheriff made abode service at the Hillspoint Road address, after first attaching the premises by leaving a certified copy of the writ at the Westport town clerk's office.

The defendant arrived home from New York City on the evening of March 30, 1967, and found that the plaintiff had taken the great bulk of the furni-

ture and furnishings out of the house. It develops that she subsequently moved to Riverdale, in the Bronx, New York. The defendant spent the night in the Westport home on March 30, 1967, using a sleeping bag which he found in the garage. The next morning, March 31, 1967, he called the police in Westport to tell them that the house would be vacant, and then he placed the house on the market with a real estate agent. Later in the morning, he left Westport to go to his mother's house in Brooklyn; and early in April he established permanent residence in New York City.

The defendant claims that he had severed domicil in Connecticut on March 30, 1967, or on the morning of March 31, 1967, before abode service was made by the sheriff. In this proceeding, the Connecticut court has the duty of determining whether in personam service has been made upon the defendant so as to give the Connecticut court jurisdiction over the divorce proceedings.

The case of *Smith* v. *Smith,* 150 Conn. 15, indicates that abode service is sufficient to give the Connecticut court jurisdiction of a divorce or legal separation suit, provided the domicil of the defendant was in Connecticut at the time of the service.

The case of *McDonald* v. *Hartford Trust Co.,* 104 Conn. 169, 177, sets forth the essential rules applicable to this case: "Our law provides that every person has a domicil somewhere; the rule is a necessary one, since jurisdiction depends in many cases on the domicil. It also provides 'that he can have but one domicil for one and the same purpose, and that a domicil once acquired continues until another is established.' *First National Bank* v. *Balcom,* 35 Conn. 351, 358; *Easterly* v. *Goodwin,* 35 Conn. 279, 286. . . . The law does not permit one to abandon,

nor recognize an abandonment of, a domicil until another has been established."

On the facts in the present case, the court finds that the defendant was still domiciled in Connecticut at the time when the sheriff made the abode service. True, the defendant's law office was in New York. True, as testified by the defendant, he had for many months been endeavoring to persuade his wife to move with him to New York so that he would be spared the long commuting every day and so that he could be with her more often. True, the defendant had left the abode an hour or two before the sheriff arrived and did not return to Connecticut except for a casual visit some months later. On the facts presented, however, the court finds that the domicil of the defendant was still in Connecticut at approximately noon on March 31, 1967, and remained in Connecticut until such time as the defendant had completed his arrangements for creating a permanent domicil in New York state.

The plea in abatement is overruled.