According to the officer's return, he attached the real estate of the defendant by filing a certificate of attachment with the town clerk of the city of Stamford and by leaving with the clerk a true and attested copy of the writ, summons and complaint, and thereafter, on the same day, December 3, 1968, he left a true and attested copy of the writ, summons and complaint "at the usual place of abode" of the defendant at 247 Chestnut Hill Road, Stamford, Connecticut.
The defendant has pleaded in abatement, claiming that the court has no jurisdiction because (1) no personal service was effected upon the defendant, who was a nonresident of the state at the time, and (2) no jurisdiction was conferred as a result of the attachment because no copy of the process and complaint was left with the defendant's agent or attorney in this state, as required by § 52-284 of the General Statutes. The plaintiff, in answer to the plea in abatement, denied the claims of the defendant and alleged that personal service was effected upon the defendant and that therefore the officer was not required to leave a copy of the process and the complaint with the defendant's agent or attorney in this state.
Upon the issues raised by these pleadings, the court heard the testimony of three witnesses in support *Page 235 
of the plea in abatement, and the testimony of the deputy sheriff who made the service for the plaintiff. The pleadings and the evidence establish that this action was brought to recover from the defendant a down payment made to her on a contract for the purchase of the premises upon which the attachment was made. The contract was entered into in July, 1968, with a closing date of September 15, 1968. Because of an alleged undisclosed encumbrance, the plaintiff refused to accept the deed which was tendered on the closing date, and demanded return of his deposit.
During the first week in September, and prior to rejection of title, the defendant started to move her furnishings and belongings out of the house where she had lived for over twenty years, and by September 12 she had vacated the house so that she would be in a position to deliver possession on September 15, the closing date. Some of her furnishings were sent to Virginia, where a daughter lived, and some to Florida, where her sister resided. The defendant went from the house to Westport, where she stayed with a sister for a while. From there, she was admitted as a patient to the Norwalk Hospital, and by November 9 was staying with her daughter in Bedford, Virginia. From there, she went to live with her sister in Fort Lauderdale, Florida, where she was at the time of service on December 3.
The defendant was elderly and was separated from her husband, who resided in France. She had no relatives remaining in Connecticut and had stated her intentions of moving to Florida to live there permanently with her sister. By October, she had again placed her house on the market and, after leaving the house on or about September 12, has not returned to live in it. When the sheriff came to make *Page 236 
service, he found no one at the house at 247 Chestnut Hill Road and left an attested copy of the writ, summons and complaint behind the doorknob of the front door, after opening the front screen door. The sheriff looked through a window and saw a table and some chairs within the house, but no evidence was offered as to their ownership. A neighbor found the process where it was left by the officer and shortly thereafter informed the defendant's counsel of the service. Sometime between December 8 and 10 the defendant's attorney was in possession of the writ, summons and complaint, which had been forwarded by Jansen, the neighbor.
The house at the time of service was under a second contract of sale. At the request of the defendant's attorney, the plaintiff accepted a surety bond in lieu of the attachment and release thereof, on December 17, 1968. The action was returnable to the first Tuesday of January, 1969, and the plea in abatement was filed within the required time.
The court finds that at the time of service the defendant was not living in this state. It was also admitted by the plaintiff that the defendant was not in the state.
Where a particular method of serving process is pointed out by statute, that method must be followed.FitzSimmons v. International Assn. ofMachinists, 125 Conn. 490, 493. In this case the plaintiff claims quasi in rem jurisdiction by the attachment of real estate. The court finds that no service was made of the attachment process on the agent or the attorney of the defendant, nor upon any person in charge or possession of the estate attached; nor was any application made for an order of notice in order to perfect the attachment under § 52-284. See Carter v. Carter, 147 Conn. 238, 244; Stephenson, Conn. Civ. Proc. § 14. It is, therefore, *Page 237 
the conclusion of the court that valid quasi in rem jurisdiction was not obtained by the manner in which service was made. The surety bond which was substituted in lieu of the attachment was not offered in evidence, and the court assumes, from argument of counsel, that the form of the bond neither waives objection to the validity of the attachment nor waives the necessity of compliance with the formal requisites of the statute, § 52-284.
The sole remaining question is whether in personam jurisdiction was effected by service at the usual place of abode of the defendant. Section 52-57
of the General Statutes provides for in personam jurisdiction by substituted service at the usual place of abode of the defendant. The habitation of an individual is his abode. Cugno v. Kaelin, 138 Conn. 341,343. The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v.Dalliber, 11 Conn. 234, 238. One may have two or more places of residence within a state or within two or more states and each may be a usual place of abode. The law also recognizes that the place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode. Clegg v. Bishop, 105 Conn. 564, 569.
The question as to what is a man's usual place of abode is not free from doubt within the purview of the statutes, and the decisions in this state are not in harmony. They differ in accordance with the facts in each case. There is a great divergence of decisions and thought in this connection. Connecticut decisions place great reliance upon a man's place of residence, rather than upon his domicil. A determination of whether Connecticut was the domicil of the defendant is unnecessary in the present case. Such a determination would not serve as the basis *Page 238 
for in personam jurisdiction unless proper service was also made at the usual place of abode. Domicil and usual place of abode may not be the same location. The distinction between domicil and usual place of abode, and their importance with regard to different types of jurisdiction, is well explained inSchreiber v. Schreiber, 27 Conn. Sup. 121. In that case it is pointed out that, although domicil may be sufficient for purposes of jurisdiction in divorce, personal service, manual or at the usual place of abode, is necessary for in personam jurisdiction. See also McDonald v. Hartford Trust Co., 104 Conn. 169.
In the present case, the evidence clearly establishes that the defendant had not resided at the place of service for almost three months prior to the date of service and that she had no intention of returning to this location to live. This was not her usual place of abode. She had clearly abandoned these premises as her place of habitation and at the time of service had no other residence within the state. Under the facts of this case, the court can only conclude that service was not made at a usual place of abode of the defendant within the state and that the service which was made did not confer in personam jurisdiction.
There is no question that the defendant received notice of the action shortly after service. But since abode service serves the dual function of conferring jurisdiction and giving notice, in the absence of service at the usual place of abode no jurisdiction is conferred. Smith v. Smith, 150 Conn. 15, 20.
 For the foregoing reasons, the plea in abatement is sustained.