EDWARD J. BALKUN *v.* GEORGE DEANZONA

CIRCUIT COURT            SIXTH CIRCUIT
FILE No. CV 6-6810-38216

Memorandum filed July 28, 1969

*Paul A. Scholder,* of New Haven, for the plaintiff.

*Nathan Goldberg,* of New Haven, for the defendant.

JACOBS, J. The question of law presented by the demurrer in this case is whether service of process meets the requirements of § 52-57 of the General Statutes where the "writ was left in a mailbox in the hallway outside the defendant's apartment."

"Section 52-57 provides for in personam service and by two methods: (a) by common-law service, that is, actual manual delivery of the process to the defendant himself within the state, or (b) by abode service . . . that is, by leaving a copy of the process at the defendant's usual place of abode within the state. Under § 52-57, either mode of service is adequate for an in personam judgment. *Hurlbut* v. *Thomas,* 55 Conn. 181, 182 . . . ; see *Clegg* v. *Bishop,* 105 Conn. 564, 572 . . . ; *Dorus* v. *Lyon,* 92 Conn. 55, 57 . . . ; Stephenson, Conn. Civil Proc. § 4 (a). Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Stephenson, loc. cit. Its chief purpose is to ensure actual notice to the defendant that the action is pending. *Clover* v. *Urban,* 108 Conn. 13, 16 . . . . The place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode. *Clegg* v. *Bishop,* supra, 569." *Smith* v. *Smith,* 150 Conn. 15, 19; see James, Civil Procedure §§ 12.3, 12.11. "Regardless of what terms are employed, it is to be borne in mind, in construing and applying these statutes, that substituted service is a departure of the common law and that the statutes providing for it

are to be strictly construed. The question as to what is, within the purview of the statute, a man's 'usual place of abode' is not always free from doubt. Most courts agree that it is the place where the person is living at the particular time when the service is made." 42 Am. Jur., Process, § 61; see *Earle* v. *McVeigh*, 91 U.S. 503, 508; Bowers, Civil Process and Its Service §§ 261, 262.

In *Sours* v. *State*, 172 Ohio St. 242, 244, the question was "whether the fastening of a summons to the outside doorknob of a residence with a rubber band constitutes valid residence service." The Supreme Court of Ohio held that such service did not constitute the leaving of the process at the usual place of abode. And in *Kletchko* v. *Shupp*, 24 Ohio Dec. 306, 310, the court held "that pinning a summons on a back or rear door of a residence does not constitute valid service . . . within the meaning of the statute." Cf. *Edward Hines Lumber Co.* v. *Smith*, 29 Ill. App. 2d 35, 39; see notes, 127 A.L.R. 1267, 1271, 87 A.L.R.2d 1163, 1172; 72 C.J.S., Process, § 47.

Service of the writ in the instant case in a mailbox in the hallway outside the defendant's apartment is so haphazard and uncertain as to fail to meet the requirements of valid service within the purview of the statute.

The demurrer must be and is overruled.