[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter arises out of a motion to dismiss filed by the defendant claiming that the writ, summons and complaint was improperly served in that the papers were left at an address that was not the defendant's usual place of abode as required by Section 52-57 Connecticut General Statutes.
In a complaint dated October 28, 1989, plaintiff Raymond J. Hebert, Jr. claimed that he was injured in an automobile accident which accident occurred on October 31, 1987; and in the same complaint the plaintiff Nicole Hebert, wife of Raymond J. Hebert, Jr., claimed a loss of consortium as a result of the accident. Both plaintiffs claimed that the negligence of the defendant, CT Page 1305 Donna Snyder, was the cause of their injuries and losses.
Thereafter on November 10, 1989 Sheriff Gerald Raimo served a true and attested copy of the writ, summons and complaint on the defendant asserting the last usual place of abode of the defendant to be 64 Gates Avenue, Waterbury, Connecticut.
At the time of the accident the defendant resided at 64 Gates Avenue; but at the time of the service of the papers the defendant was residing at 57 Rosewood Avenue, Apartment 7, Waterbury, Connecticut. The defendant had moved from 64 Gates Avenue on July 27, 1989. In a Family Violence Protective Order issued by the Superior Court Geographical Area #4, the defendant was ordered to stay away from the 64 Gates Avenue address. Furthermore, the defendant had changed her address at the post office from Gates Avenue to Rosewood Avenue.
The Connecticut Department of Motor Vehicles listed the defendant's address as 64 Gates Avenue; and the Waterbury Registrars of Voters listed the defendant's address as 64 Gates Avenue. However, at the time of the service by the sheriff, the defendant did not own a motor vehicle; and she had not voted in two years.
As it applies to this particular situation, Connecticut General Statute Section 52-57 (a) states: "Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."
"The habitation of an individual is his abode. Cugno v. Kaelin, 138 Conn. 341, 343. The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v. Dalliber, 11 Conn. 234,238." Cohen v. Bayne, 28 Conn. Sup. 233, 237. "But since abode service serves the dual function of confirming jurisdiction and giving notice, in the absence of service at the usual place of abode, no jurisdiction is conferred. Smith v. Smith, 150 Conn. 15,20." Cohen v. Boyn, supra at 238.
In the present case, the evidence shows that the defendant had not resided at the place of service for almost four months. The evidence is clear that she intended to abandon 64 Gates Avenue as her place of habitation, and that she intended that 57 Rosewood Avenue would be her place of habitation. Service of process was not made at the defendant's usual place of abode within the state; and the service that was made did not confer personal jurisdiction over the defendant. CT Page 1306
Accordingly, the motion to dismiss is granted.
BYRNE, J.