[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#106)
The issue before the court is, should the defendant's motion to dismiss be granted on the ground that service of process was insufficient?
It is found that the defendant was not served at his usual place of abode, pursuant to General Statutes 52-57 (a). Accordingly, the motion to dismiss should be granted.
The plaintiff, Allied Grocers Co-operative, filed a one count complaint on January 31, 1992, against the defendants, Anton Sadl, John W. Hancock, Jr., Inc., and Gary Benedetto, d/b/a J B Excavating and Paving.
The complaint seeks to foreclose on property owned by Sadl in order to satisfy a judgment lien obtained by the plaintiff on August 21, 1991. The complaint also alleges that the other defendants may claim interests subsequent in right to the plaintiff's claim.
On February 20, 1992, defendant Sadl filed this motion to dismiss based upon insufficiency of process. Specifically, Sadl maintains that service was not made at his usual place of abode. A memorandum of law accompanies the motion, as does an affidavit of the plaintiff.
On March 4, 1992, the plaintiff filed a memorandum in opposition.
Discussion CT Page 2359
"The motion to dismiss shall be used to assert . . . (2) lack of jurisdiction over the person, . . . and (5) insufficiency of service of process." Practice Book 143.
Defendant Sadl claims that he does not live at 45 Karn St., Fairfield, Connecticut, and he did not live there at the time service was made. Sadl attests to these facts in his sworn affidavit.
The defendant also argues that above service serves the dual function of giving notice to the defendant and conferring jurisdiction upon the court. The defendant concedes having actual notice, but maintains that service was not made at his usual place of abode, and therefore the court lacks jurisdiction to hear the case.
The plaintiff argues that the chief purpose of abode service is to give actual notice to the defendant of litigation pending against him. Since the defendant concedes that he received actual notice, the plaintiff maintains that service was sufficient. Plaintiff claims that abode service was made at Sadl's former address, where his mail is still delivered.
General Statutes 52-57 (a) provides in relevant part: "[P]rocess in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this State."
In Balkun v. DeAnzona, 5 Conn. Cir. Ct. 580, 581-82, 258 A.2d 482 (169), the court, Jacobs, J., addressed the issue of what constitutes abode service:
 "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. Stephenson, loc. cit. Its chief purpose is to ensure actual notice to the defendant that the action is pending. Clover v. Urban, 108 Conn. 13, 16. . . . The place where one would be most likely to have knowledge of a service by copy would be at his usual place of abode. Clegg v. Bishop, supra, 569." Smith v. Smith, 150 Conn. 15, 19; see James, Civil Procedure 12.3, 12.11. "Regardless of what terms are employed, it is to be borne in mind, in construing and applying these statutes, that substituted service is a departure of the common law and that the statutes providing for it are to be strictly construed. The question as to what is, within the purview of the statute, a man's `usual place of abode' is not always free from doubt. Most courts agree that it is the place CT Page 2360 where the person is living at the particular time when the service is made." 42 Am.Jur., Process, 61; see Earle v. McVeiqh, 91 U.S. 503, 508; Bowers, Civil Process and Its Service 261, 262.
"For the purposes of service of process, one's `abode' is his habitation." Capitol Light and Supply Co. v. Gunning Electrical Co., 24 Conn. Sup. 324, 325, 190 A.2d 495 (1963).
"When constructive service is resorted to, the jurisdiction of the court depends entirely upon whether it conforms strictly to the requirements of the statute which authorizes it." Akora v. Akora,14 Conn. Sup. 204, 207 (1946).
It is clear that the service of process made on defendant Sadl is insufficient. Sadl no longer lived at 45 Karn Street, Fairfield, Connecticut, on the date that service was made there. Thus, service was not made at the defendant's usual place of abode, as required by 52-57 (a), supra.
Accordingly, the motion to dismiss is granted.
WILLIAM J. McGRATH, JUDGE