[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS (#112)
On October 23, 1991, the plaintiff, People's Bank ("the Bank"), filed a complaint against defendants Margaret MacNair and Alfred Westhoff, Jr. The Bank claims that the defendants borrowed from the plaintiff one hundred sixty-five thousand dollars ($165,000.00) and agreed to repay the same, plus interest. This indebtedness was secured by a mortgage on the defendants' property located in the Town of Washington, Connecticut. The defendants have allegedly defaulted on their payments on the aforementioned debt and, consequently, the Bank now seeks to foreclose on the mortgage.
The sheriff's return indicates that, on October 19, 1991, service was made "at the usual place of abode . . . of Margaret E. MacNair, with 176 West Shore Road, Washington[, Connecticut]."
On May 8, 1992, defendant MacNair filed a motion to dismiss and attached thereto a supporting memorandum. The plaintiff has not filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the person, as well as insufficiency of service of process. Practice Book 143(2), (5); Zizka v. Water Pollution Control Authority, 195 Conn. 682,687, 490 A.2d 509 (1985). Defects in the service of process CT Page 5817 implicate jurisdiction over the person. Bridgeport v. Debek, 210 Conn. 175,179-80, 554 A.2d 728 (1989).
Practice Book 143 states, "[i]f an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve . . . a memorandum of law. . . ." Practice Book 143. The plaintiff has failed to file a memorandum of law in opposition to the motion to dismiss. Prior to October 1, 1989, the failure to file an opposing memorandum of law was deemed as consent to the motion to dismiss. See, e.g., Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, n. 1, 578 A.2d 646 (1990) "Practice Book . . . 143 . . . [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under [this] section." Foley, supra.
Ms. MacNair, in her memorandum in support of her motion to dismiss, claims that she does not, and did not, reside at 176 West Shore Road, Washington, Connecticut, the location at which service was made. Rather, in her supporting memorandum, she states that she resides at 144 Locust Hill Road, Darien, Connecticut. Consequently, Ms. MacNair maintains that she never received the writ, summons and complaint which constitute the basis of this action.
General Statutes 52-57(a) states, in pertinent part, that:
 [P]rocess in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
General Statutes 52-57(a).
"`Most courts agree that [a person's usual place of abode] is the place where the person is living at the particular time when the service is made, . . .'" Allied Grocers Co-operative, Inc. v. Sadl, 7 CSCR 389 (March 30, 1992, McGrath, J.), quoting Balkun v. DeAnzona, 5 Conn. Cir. Ct. 580, 581-82, 258 A.2d 482 (1969).
Were the facts as they are articulated in the defendant's memorandum this court would be inclined to grant the motion to dismiss. However, the defendant has failed to submit a sworn affidavit stating that she did not live at the address as which service was made. Practice Book 143 states that the motion to dismiss "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Emphasis added. Consequently, this court cannot properly determine that the defendant did not live at the address at which service was made. In light of this decision) this court need not include in this memorandum of decision a discussion of the caselaw pertaining to improper abode service. The motion to dismiss is denied. CT Page 5818
DRANGINIS, J.