[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS #102
This matter comes before the court on the defendant's motion to dismiss the plaintiff's complaint on the grounds that the plaintiff failed to properly serve process under Connecticut General Statutes 52-57(a) and 52-59b, and, therefore, the court lacks in personam jurisdiction. Specifically, the defendant maintains that the plaintiff failed to prove proper abode service in accordance with 52-57(a) and that the plaintiff failed to properly serve the Secretary of the State as required by52-59b(c) thereby depriving the court of jurisdiction. It should be noted that the defendant, a pro se party, sought the alternative relief of summary judgment in his motion to dismiss. As the pleadings have not been closed, summary judgment relief is not available and the court will treat the matter as a motion to dismiss only.
The following facts are relevant to a determination of the issues raised by the motion to dismiss.
Plaintiff George Arfaras, a resident of the State of Connecticut, filed a nine-count complaint dated May 11, 1992 against Anthony Pappas, resident of the State of New York. Plaintiff alleges in count one that the defendant instituted a series of lawsuits and engaged in a course of outrageous conduct for the purpose of inflicting great emotional distress against the plaintiff.
The conduct alleged includes filing "frivolous" lawsuits in the United States District Court for the Eastern District of New York and in the Supreme Court of Queens County, New York. The plaintiff claims the defendant caused a notice of lis pendens to be filed against plaintiff's Newtown, Connecticut, property without cause. In addition, the plaintiff further alleges in CT Page 8860 count one that the defendant mailed letters to residents of both the State of Connecticut and State of New York asserting false accusations against the plaintiff.
The plaintiff alleges in count two that the defendant engaged in vexatious litigation by filing a lawsuit against the plaintiff on January 12, 1990 in the Supreme Court in the State of New York. The lawsuit was subsequently dismissed on May 21, 1990.
In count three plaintiff alleges that by causing a notice of lis pendens to be filed with the Town Clerk of Newtown, Connecticut, against real property owned by the plaintiff on January 18, 1989, the defendant's conduct constituted abuse of process. On July 17, 1989 the Superior Court in the Judicial District of Danbury found that there was no basis for the lis pendens. In counts four through nine the plaintiff alleges the defendant engaged in behavior constituting defamation.
In this action, the deputy sheriff for New Haven County served the defendant at 6 Mitchell Lane in Woodbridge, Connecticut. In addition, the deputy sheriff served the defendant by certified mail at 154-40 24th Road in Whitestone, New York, on May 12, 1992. The defendant signed for the certified service on May 18, 1992 in the State of New York.
The defendant timely filed a motion to dismiss the plaintiff's entire complaint on June 5, 1992 pursuant to Practice Book 142. The defendant's motion to dismiss is based upon twelve grounds. First, the defendant asserts that the court lacks personal jurisdiction because he is a resident of the State of New York and the plaintiff's service in Connecticut was not at his abode. The remaining grounds for dismissal include: prior pending action, absence of necessary parties, statute of limitations, failure to state a cause of action, collateral estoppel, lack of cooperation with discovery, privileged communication, improper venue, vexatious litigation and lack of merit.
On July 15, 1992, pursuant to Practice Book 142 et seq., plaintiff filed an objection to defendant's motion to dismiss accompanied by a memorandum of law in opposition.
A. Lack of Personal Jurisdiction
CT Page 8861 "A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Ziska v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). Practice Book 143 provides in pertinent part: "[t]he motion to dismiss shall be used to assert. . . (2) lack of jurisdiction over the person, . . . and (5) insufficiency of service of process." Where the court's jurisdiction is challenged by a non-resident defendant, the plaintiff has the burden of proving the requisite contacts with the forum state. Standard Tallow Corporation v. Jowdy. 190 Conn. 48, 53,459 A.2d 503 (1983).
I. ABODE SERVICE OF PROCESS
Process in any civil action shall be served by leaving a true and attested copy of it, including the declaration of the complaint, with the defendant, or at his or her usual place of abode. Conn. Gen. Stat. 52-57(a). "The usual place of abode is generally considered to be the place where the person is living at the time of service." Grant v. Dalliber, 11 Conn. 234, 238
(1835). Service at the usual place of abode confers both jurisdiction and gives notice. Smith v. Smith, 150 Conn. 15, 20,183 A.2d 848 (1962). The court's jurisdiction over a person may be affected by a defect in service of process. Bridgeport v. Debek, 210 Conn. 175, 180, 554 A.2d 778 (1989).
Where the defendant can show that process was served at a place other than his usual place of abode, "the court must find there was no service of process and that it acquired no jurisdiction over the person of the defendant which would authorize it to render a valid judgment against him." Gondek v. Hugwitz-Reventlow, 4 Conn. L. Rptr. No. 8, 243 (July 8, 1991, Wagner, J.), citing Uyen Phan v. Delgado, 41 Conn. Sup. 367, 370
(1990). When a motion to dismiss "is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
Defendant Pappas has submitted a sworn affidavit that he has never resided at 6 Mitchell Lane, Woodbridge, Connecticut. The defendant states in the sworn affidavit that he has been a resident of the State of New York since 1971 and has not resided in Connecticut since 1969. The plaintiff has failed to provide CT Page 8862 sufficient evidence to the contrary. The plaintiff merely states that the Connecticut address served was that local address given by the defendant for service of process in a pending federal lawsuit.
Plaintiff asserts that service of this residence constitutes service upon an agent of the defendant. The plaintiff, however, provides no case law in support of this position nor does the language of 52-57(a) support this proposition. The plaintiff has also failed to provide sufficient evidence to establish that the defendant was living at 6 Mitchell Lane at the time of service. Therefore, the plaintiff's service of process in Connecticut was not proper either as abode service or service upon an agent of the defendant.
II. LONG-ARM STATUTE SERVICE
The long-arm statute, Connecticut General Statutes 52-59b, provides the basis for jurisdiction over a nonresident defendant. Anderson v. Schibi, 33 Conn. Sup. 562, 364 A.2d 853 (App. Sess. 1976). Connecticut General Statutes 52-59b(a)(3) states in pertinent part:
 As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent: . . . . (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act. . . .
Connecticut General Statutes 52-59b(a). A two-tiered analysis is required to determine if Connecticut has jurisdiction over a foreign defendant. Lombard Brothers Inc. v. General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983). Under the first tier of the inquiry the court must determine whether the Connecticut long-arm statute authorizes the exercise of jurisdiction under the particular facts of the case in question. Id. The second tier of the inquiry asks whether it will offend due process to assert long-arm jurisdiction. Id. CT Page 8863
Connecticut General Statutes 52-59b(c) provides in part:
 (c) Any nonresident individual . . . over whom a court may exercise personal jurisdiction as provided in subsection (a), shall be deemed to have appointed the secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresident individual . . . may be served upon the secretary of the state. . . . The process shall be served . . . upon the secretary by leaving with or at the office of the secretary . . . a true and attested copy thereof, and by sending to the defendant at his last known address, by registered or certified mail, postage prepaid, a like true and attested copy of the service upon the secretary.
Connecticut General Statutes 52-59b(c); D'Occhio v. Connecticut Real Estate Commission, 189 Conn. 162, 171, 455 A.2d 833 (1983). "Where a particular method of serving process is pointed out by statute, that method must be followed." Cohen v. Bayne,28 Conn. Sup. 233, 236, 257 A.2d 38 (1980).
Neither the Officer's Return nor the Supplemental Return provided by the plaintiff indicates that the Secretary of the State was served in accordance with 52-59b(c). Absent a showing that the defendant was properly served under 52-59b(c), the plaintiff's service of process is defective and as a result the court lacks jurisdiction. Consequently, the plaintiff having failed to satisfy the service requirements of either 52-57(a) or52-59b, the defendant's motion to dismiss must be granted.
Having determined that the court lacks personal jurisdiction over the defendant due to the failure of proper service of process upon him, it is unnecessary to address the remaining grounds upon which the defendant bases his motion to dismiss.
MAIOCCO, J. CT Page 8864