[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a negligence action brought by the plaintiff Renee Mitchell against the defendants Reyburn C. Potter, Nicholas Wincovich and Herman Wincovich seeking damages for injuries sustained by the plaintiff as a result of an automobile accident. Defendant Reyburn Potter (defendant) has moved to dismiss the complaint on the ground that there is no personal jurisdiction over the defendant due to insufficient service of process.
On June 5, 1995, the court heard testimony of the defendant Donna Potter, the defendant's former wife (Donna), and Thomas McKittrick, the deputy sheriff who made service of the writ and complaint in this action for the plaintiff. Based upon the testimony and a review of the exhibits offered into evidence, the court makes the following findings of fact.
The defendant lived at a residence located at 38 Cortland Street, Pawcatuck, Connecticut (the residence), with Donna for CT Page 9240 nine years prior to December, 1991. The defendant divorced Donna and last lived in the residence in December, 1991. After the dissolution, Donna continued to live in the residence with her and the defendant's son, Christopher. On occasion, the defendant visited his son in the residence. The defendant stayed over night in the residence for no more than five times from 1991 to 1994 in conjunction with his visitation. The defendant kept no personal belongings in the residence and brought clothing with him to the residence when he visited overnight.
After leaving the residence in 1991, the defendant lived in several other residences in Connecticut and Rhode Island. In October, 1992, the defendant moved to 67 Success Village, Bridgeport, Connecticut, where he lived until February, 1995. The defendant advised his employer, the Internal Revenue Service and his health insurance carrier of his Bridgeport address, but did not notify the Connecticut Department of Motor Vehicles of the change of address until June, 1994, when his his license listing the Pawcatuck address expired.
Donna received mail addressed to the defendant at the residence, but did not forward mail to the defendant unless the mail concerned money matters such as small claims writs. She did not communicate with the defendant and never advised him that she had received mail addressed to him. When the defendant stayed in the residence overnight during visits to his son, he did not pick up mail which had been addressed to him. Prior to the hearing before the court, the defendant had last seen his wife on Memorial Day, 1994.
On March 21, 1993, the plaintiff and the defendant were involved in an automobile accident which occurred in Stratford, Connecticut, and upon which the present negligence action is based. In November, 1994, McKittrick received the writ and complaint in this action from the plaintiff's attorney for service on the defendant. McKittrick checked with the Connecticut Department of Motor Vehicles and the United States Postal Service and did not discover any address for the defendant other than the Pawcatuck address.
On November 16, 1994, McKittrick telephoned Donna and advised her that he had received a writ to serve on the defendant. Donna said to McKittrick: "He's not here; if you want to drop something off, you can leave it." She did not CT Page 9241 inform the sheriff that the defendant did not live in the residence. Subsequently, on November 16th, McKittrick came to the residence, spoke to the defendant's son and left the writ and complaint for the defendant. The sheriff's return states: . . . "I left a true and attested copy of this the original Writ, Summons, and Complaint at the usual place of abode of the within named Defendant Rayburn C. Potter of said 38 Cortland street . . ." Donna did not advise the defendant of the writ or forward the writ to the defendant and the defendant did not learn of this action until advised of it by his attorney.
The plaintiff claims that the defendant was properly served under General Statutes § 52-57(a), which provides:
 Except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state.
The plaintiff also claims that the defendant is estopped to deny that he resided in the residence.
Section 52-57(a) provides for in personam jurisdiction by substituted service at the usual place of abode of a defendant. A determination that service was made at the defendant's usual place of abode in this action is essential to obtain jurisdiction of the defendant by valid process.
"Whether a particular place is the usual place of abode of a defendant is a question of fact." Collins v. Scholz,34 Conn. Sup. 501, 502 (App. Sess. 1976). "The usual place of abode is usually considered to be the place where a person is living at the particular time when service is made. Grant v.Dalliber, 11 Conn. 234, 236." Cohen v. Bayne,28 Conn. Sup. 233, 237 (C. P. 1969).
In the present case, the evidence clearly establishes that the defendant had not lived at the Pawcatuck residence, the place of service, for almost four years and had no intention of returning to the residence to live. The defendant had abandoned the residence at the time of service and lived at that time in Bridgeport. Under the facts of this case, the court concludes that service was not made at the usual place of abode of the defendant within the state. CT Page 9242
The plaintiff further claims that the defendant is estopped to deny that he resided in the residence. In John F.Epina Realty, Inc. v. Space Realty, Inc., 194 Conn. 71, 85
(1984), the Supreme Court stated:
 [T]here are two elements which must be established in order to find an estoppel: one party must do or say something that is intended or calculated to induce another into believing in the existence of certain facts and to act upon that belief and the other party must thereby actually change his position or do some act to his injury which he would otherwise not have done.
There is no evidence in this case that the defendant did or said something to the plaintiff or to McKittrick that was intended or calculated to induce the plaintiff or McKittrick to believe that on November 16, 1994, the defendant lived in the residence. Furthermore, there is no evidence that the defendant authorized Donna to make any statements relative to his residence. The court, therefore, finds that the defendant is not estopped to deny that he lived in the residence.
For the reasons stated above, the court finds that the service which was made at the Pawcatuck residence did not confer in personam jurisdiction over the defendant. Accordingly, the defendant's motion to dismiss is granted.