[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Vincent Edwards, filed a one-count complaint against the defendant, Bonnie Sinclair. The complaint alleges that the defendant's vehicle struck the rear of the plaintiff's vehicle, causing injuries and damages to the plaintiff. The sheriff's return shows that service of process was made by abode service, on January 18, 2000 the sheriff left a copy of the original writ, summons and complaint at 4 Murray Avenue, Shelton, Connecticut.
The defendant moves to dismiss the complaint on the grounds of insufficiency of service of process. The defendant claims that in May, 1998 she moved from 4 Murray Avenue, Shelton to 6 Prindle Avenue, Derby, Connecticut. On January 18, 2000, when abode service was made, she no longer lived at 4 Murray Avenue in Shelton. In support of her motion, the defendant filed a memorandum containing the sheriff's return, the defendant's affidavit and a notice sent by plaintiff's counsel to the defendant's new address, 6 Prindle Avenue, Derby, Connecticut. The plaintiff has filed a memorandum in opposition to the motion to dismiss with copies of correspondence between plaintiff's counsel and the defendant's auto insurance carrier.
Practice Book § 10-30 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so . . . by filing a motion to dismiss within thirty days of the filing of an appearance." "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 10-31(a)(5).
Valid service is necessary to give the court jurisdiction over the person. White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14,437 A.2d 833 (1980). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Exley v. ConnecticutCT Page 11790Yankee Greyhound Racing, Inc., 59 Conn. App. 224, 234-35, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).
General Statutes § 52-57 (a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Abode service is a departure from the common law and, therefore, statutes providing for it must be strictly construed. Balkun v. DeAnzona, 5 Conn. Cir. 580, 258 A.2d 482 (1969). "Where a particular method of serving process is pointed out by statute, that method must be followed. . . ." FitzSimmonsv. International Association of Machinists, 125 Conn. 490, 493, 7 A.2d 448
(1939).
By affidavit, the plaintiff has asserted that she moved to 6 Prindle Avenue, Derby, Connecticut in May, 1998. She notified the department of motor vehicles of her new address and on the date of service, January 18, 2000, the motor vehicle records reflected her new address. Only upon receiving a notice from plaintiff's counsel on March 21, 2001 at her new address was she made aware that this action was pending. Counsel for the defendant filed an appearance the very next day, on March 22, 2001. The motion to dismiss was filed within thirty days thereafter.
The plaintiff, in his memorandum and correspondence submitted, does not dispute the information provided by the defendant that she did not live at the address where process was served. See Fleet National Bank v.Avery, judicial district of New Britain, Docket No. 487556 (October 19, 2000, Kocay, J). Instead the plaintiff argues that because the purpose of abode service is to provide notice to the defendant and the defendant did have notice, as evidenced by the subsequent correspondence submitted between plaintiff's counsel and the defendant's insurer, lack of proper service is just a technicality.
"Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice" (Emphasis added) Smith v. Smith, 150 Conn. 15, 20, 183 A.2d 848 (1962). Actual notice of the action by the defendant without proper service does not confer jurisdiction on the court. Cohen v. Bayne, 28 Conn. Sup. 233,257 A.2d 38 (1969).
As the defendant was not served at her usual place of abode, the court is without jurisdiction over the person of the defendant based on improper service of process. The defendant's motion to dismiss the complaint must be granted.
NADEAU, J. CT Page 11791