[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a motion to dismiss filed by the defendant, Lorie Ann Evans. CT Page 12424
The plaintiff, James Evans, filed this appeal from a May 9, 2000 decision of the Probate Court, District of Shelton, terminating his parental rights to his daughter, Lindsay Elizabeth Evans. The sheriffs return states that service of process was made on the defendant, Lorie Ann Evans, by abode service. The return states that on January 19, 2001 the sheriff left a copy of the appeal at 45-2 East Village Road, second floor, the usual place of abode of Lorie Ann Evans.
The defendant moves to dismiss the complaint on the grounds of insufficiency of service of process. The defendant claims that process was never served at her address at 45-2 East Village Road, Shelton, but was left with a neighbor who was directed to give the process to the defendant. In support of her motion, the defendant filed a memorandum containing the affidavit of the defendant and the affidavit of Esther Swist, the neighbor. The plaintiff has filed a memorandum in opposition to the motion to dismiss containing the affidavit of the marshal. Both parties have presented testimony.
Practice Book § 10-30 provides that "[alny defendant, wishing to contest the court's jurisdiction, may do so . . . by filing a motion to dismiss within thirty days of the filing of an appearance." "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 10-31(a)(5).
Valid service is necessary to give the court jurisdiction over the person. White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14,437 A.2d 833 (1980). "One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Exley v. ConnecticutYankee Greyhound Racing, Inc., 59 Conn. App. 224, 234-35, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).
General Statutes § 52-57 (a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Abode service is a departure from the common law and, therefore, statutes providing for it must be strictly construed. Balkun v. DeAnzona, 5 Conn. Cir. 580, 258 A.2d 482 (1969). "Where a particular method of serving process is CT Page 12425 pointed out by statute, that method must be followed. . . ." FitzSimmonsv. International Association of Machinists, 125 Conn. 490, 493, 7 A.2d 448
(1939). "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice" Smith v. Smith, 150 Conn. 15, 20, 183 A.2d 848 (1962). Actual notice of the action by the defendant without proper service does not confer jurisdiction on the court. Cohen v. Bayne, 28 Conn. Sup. 233,257 A.2d 38 (1969).
The Court has reviewed the pleadings and heard the testimony presented at the hearing. The service of process was not properly made at the abode of the defendant. The court particularly finds the testimony of the neighbor, Esther Swist, to be clear and credible. This testimony corroborates the position of the defendant that process was, in fact, left with her neighbor. See Uyen Phan v. Delgado, 41 Conn. Sup. 367,576 A.2d 603 (1990). The court notes that ". . . an officer's return is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise." Cugno v. Kaelin,138 Conn. 341, 343, 84 A.2d 576 (1951).
As the defendant was not served at her usual place of abode, the court is without jurisdiction over the person of the defendant based on improper service of process. The defendant's motion to dismiss the complaint is granted.