[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiffs, Corinne and Paul Tsakonas, filed this ten count complaint against the defendant, Nancy Hayfort, and eight other defendants[1] as a result of a multi car accident in which Corinne Tsakonas sustained personal injuries. The complaint alleges, inter alia, that the injuries and damages sustained by the plaintiffs were caused by the negligence of Nancy Hayfort, who was the driver of one of the vehicles involved in the collision. The sheriffs return states that service of process was made on Nancy Hayfort by abode service. The return states that on June 2, 2001 the sheriff left a copy of the complaint at 621 Savin Avenue, West Haven, Connecticut, the usual place of abode of Nancy Hayfort.
Nancy Hayfort moves to dismiss the complaint on the grounds of insufficiency of service of process. The defendant claims that at the time of the accident she was visiting only at 621 Savin Avenue and on June 2, 2001, when process was served, she was a resident of Takoradi, Ghana. In support of her motion, the defendant filed a memorandum of law containing the affidavit of Kwamena Amos, who resided at 621 Savin Avenue, West Haven, Connecticut. The plaintiff has not filed a memorandum in opposition to the motion. The court has, however, heard oral argument on behalf of both parties.
Practice Book § 10-30 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so . . . by filing a motion to dismiss within thirty days of the filing of an appearance." "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially CT Page 16319 asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . insufficiency of service of process." Practice Book § 10-31(a)(5).
Valid service is necessary to give the court jurisdiction over the person. White-Bowman Plumbing Heating, Inc. v. Biafore, 182 Conn. 14,437 A.2d 833 (1980). "One who is not served with process does not have the status of a party to the proceeding . . . . A court has no jurisdiction over persons who have not been made parties to the action before it." (Internal quotation marks omitted.) Exley v. ConnecticutYankee Greyhound Racing, Inc., 59 Conn. App. 224, 234-35, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).
General Statutes § 52-57(a) provides that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state." Abode service is a departure from the common law and, therefore, statutes providing for it must be strictly construed. Balkun v. DeAnzona, 5 Conn. Cir. 580, 258 A.2d 482 (1969). "Where a particular method of serving process is pointed out by statute, that method must be followed. . . ." FitzSimmonsv. International Association of Machinists, 125 Conn. 490, 493, 7 A.2d 448
(1939). "Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice" Smith v. Smith, 150 Conn. 15, 20, 183 A.2d 848 (1962). Actual notice of the action by the defendant without proper service does not confer jurisdiction on the court. Cohen v. Bayne, 28 Conn. Sup. 233,257 A.2d 38 (1969).
In this case, the court finds that service of process was not properly made at the abode of Nancy Hayfort. The court finds that at the time of the accident, Nancy Hayfort was only temporarily visiting Connecticut and that her residence is in Takoradi, Ghana.[2] She also did not have a valid Connecticut driver's license. The court notes that ". . . an officer's return is only prima facie evidence of the facts stated therein. It may be contradicted and the facts shown to be otherwise." Cugno v. Kaelin,138 Conn. 341, 343, 84 A.2d 576 (1951). The undisputed facts show that the place of service was not Nancy Hayfort's usual place of abode.
As the defendant was not served at her usual place of abode, the court is without jurisdiction over the person of the defendant based on improper service of process. The motion to dismiss the complaint, as to Nancy Hayfort only, is granted.[3]
CT Page 16320
GROGINS, J.